No. 90-115

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

KATRINA B. KIGER and DONALD D. KIGER,

        Plaintiffs and Appellants,

-v-

THE STATE OF MONTANA; THE STATE OF MONTANA
DEPARTMENT OF INSTITUTIONS; THE STATE OF
MONTANA PAROLE BOARD,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and for the County of Flathead,
                The Honorable Leif B. Erickson, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Susan J. Rebeck, Great Falls, Montana
                Richard Dzivi, Great Falls, Montana

        For Respondent:

                Dana L. Christensen; Murphy, Robinson, Heckathorn
                & Phillips; Kalispell, Montana


                        Submitted on Briefs:  August 16, 1990

                                Decided:  December 11, 1990

Filed:

_____
                    Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

The plaintiffs, Katrina and Donald Kiger, brought this action in the Eleventh Judicial District, Flathead County, to seek damages for the October 28, 1985 shooting of Katrina Kiger by Danny Arledge who had been paroled from the Montana State Prison on October 10, 1985. The court granted summary judgment in favor of all three State defendants. Plaintiffs appeal. We affirm.

We restate the issues as follows:

1. Was it foreseeable that Arledge would shoot Kiger upon his release on parole because the Department allegedly miscalculated Arledge's parole eligibility date?

2. Was it foreseeable that Arledge would shoot Kiger upon his release on parole because the Department failed to inform the Board of marijuana use by Arledge in Prison?

Katrina Kiger was critically injured on October 28, 1985, by Danny Arledge who shot her while attempting to steal her car in downtown Kalispell 18 days after he was paroled from the Montana State Prison. Prior to parole Arledge had been serving prison terms for forgery, burglary, theft, and escape from a halfway house.

In their complaint, plaintiffs alleged that the State of Montana (State), the Department of Institutions (Department) and the Parole Board (Board) were negligent during the parole process of Arledge.

The State filed a Motion for Summary Judgment, asserting that the Board is immune from suit, that there is a lack of causation

between the numerous alleged acts of negligence and the shooting of Kiger by Arledge, a lack of foreseeability, and that there was no breach of duty on the part of the State, the Department, or the Board.

After the filing of extensive briefs by the parties and a hearing, the District Court granted Summary Judgment, holding that:

(1) The Board is a quasi-judicial agency and is entitled to absolute immunity.

(2) The Board, the Department and State are not negligent because they could not reasonably foresee that their decisions, actions or omissions would lead to the actions of Danny Arledge or the injuries of Plaintiff Katrina Kiger.

Plaintiff concedes that the Board is immune but appeals as to the State and the Department.

I

Was it foreseeable that Arledge would shoot Kiger upon his release on parole because the Department allegedly miscalculated Arledge's parole eligibility date?

Section 46-18-401(5), MCA, and A.R.M. 20.25.304(2), establish the rules for calculating sentences for purposes of parole when additional or consecutive sentences are involved. Statutorily the Department has a duty to properly calculate parole eligibility dates. Because this case is on appeal from an order of summary judgment we must view the evidence in favor of the party opposing the motion and assume that miscalculation did in fact occur. Rule 56(c), M.R.Civ.P.; Thelen v. City of Billings (1989), 238 Mont. 82, 85, 776 P.2d 520, 522. Therefore for the purposes

3

of summary judgment we can assume the facts establish a duty owed and a breach of that duty under the statutes. We move on to analyze causation.

Liability for breach of duty in a negligence action attaches if the plaintiff can prove first that defendant's act is a cause in fact of injury and second that the injury is the direct or indirect result, proximately caused by the negligent act. In the past in Montana, the distinction between cause in fact and proximate cause, now occasionally referred to as legal cause, was not generally made. In three recent decisions, this Court has set out to alleviate the confusion in the area of causation by clarifying the law as it now applies in Montana. See Young v. Flathead County (1988), 232 Mont. 274, 757 P.2d 772; Kitchen Krafters v. Eastside Bank (Mont. 1990), 789 P.2d 567, 47 St.Rep. 602; Thayer v. Hicks (Mont. 1990), 793 P.2d 784, 47 St.Rep. 1082.

In Kitchen Krafters, as to cause-in-fact, we state:

> In determining whether a defendant's breach of duty caused a plaintiff's injury, one must conduct a two-tiered [causation] analysis. First, one must determine whether the defendant's actions were the cause-in-fact of the plaintiff's damages. Causation in fact can be established in one of two ways. Normally, the "but-for" test is used. Under the "but-for" test, causation in fact is established simply by proving that the plaintiff's injury would not have occurred "but-for" the defendant's illegal conduct. Young, 757 P.2d at 777. Stated differently, the defendant's conduct is a cause of an event if the event would not have occurred but for that conduct; conversely, the defendant's conduct is not a cause of the event if the event would have occurred without it. Prosser and Keeton on Torts (5th Edition) § 41.
>
> The "but for" rule serves to explain the great majority of cases. However, there is one type of situation in which it fails. If two causes concur to bring about an event, and either one of them, alone,

4

would have been sufficient to cause the identical result, some other test is needed. In response to this problem, the courts have developed the "substantial factor test." Young, 757 P.2d at 777.

Kitchen Krafters, 789 P.2d at 574, 47 St.Rep. at 610.

In this case, cause-in-fact is established through the but-for test. See Young, 232 Mont. at 281-82, 757 P.2d at 777. Arledge was released on October 10, 1985 and Kiger was shot on October 28, 1985. Assuming a miscalculation occurred, Arledge probably would have still been in prison on October 28 and would not have been able to shoot Kiger.

Once cause-in-fact has been established, plaintiff must then move to the second tier of the causation analysis and prove that the defendant's conduct proximately caused the injury. Kitchen Krafters, 789 P.2d at 575, 47 St.Rep. at 611. This is where Kiger's case fails because she is unable to establish proximate cause.

Theoretically consequence for one's acts could continue into eternity but at some point in the chain of causation the law must intervene and absolve the defendant of liability. It was this policy consideration that led to the development of "proximate" or "legal" cause. Kitchen Krafters, 789 P.2d at 575, 47 St.Rep. at 611.

> Proximate cause is normally analyzed in terms of foreseeability. Simply stated, one is only liable for consequences which are considered to be reasonably foreseeable. Prosser and Keeton at § 43. If the consequences of one's wrongful act are not reasonably foreseeable, then it follows that it was not proximately caused by that act. Using this analysis, one must look forward through the chain of causation in order to determine whether the events which occurred were foreseeable. If they were, the element of proximate

5

cause is satisfied and liability will attach. Prosser and Keeton, at § 43.

Kitchen Krafters, 789 P.2d at 575, 47 St.Rep. at 611.

In order for the Department's negligence (failure to calculate correctly) to be the proximate cause of Kiger's injuries, it must appear from the facts and circumstances surrounding the incident that the Department, applying the ordinarily prudent person standard, could have reasonably foreseen that Kiger's injuries would be the natural and probable consequences of the wrongful act. Kitchen Krafters, 789 P.2d at 575, 47 St.Rep. at 612. If the Department could not reasonably foresee the consequences, then the consequences should be regarded as a superseding event which breaks the chain of causation as to any of Kiger's injuries. Kitchen Krafters, 789 P.2d at 576, 47 St.Rep at 613. In this case there are too many "what ifs" that are superseding events that break the chain of causation.

To cite the District Court in its Order and Rationale, p. 5:

The "what ifs" are endless: if Arledge had been treated differently in prison, or at other stages in life, he might have acted differently; if he had been written up for disciplinary actions within the prison he would have lost good time and not been eligible for parole; if any one of a number of people who picked him up while he was hitchhiking to Kalispell had identified him, or driven him somewhere else; if Arledge had decided to steal someone else's car, other than Plaintiff's; if Arledge had been unable to purchase a handgun or ammunition, etc. Such speculations fail to establish a direct and proximate cause between any acts of the State of Montana and injury to Plaintiffs.

Because of these numerous interruptions in the chain of events, we agree with the analysis of the District Court that the Department could not reasonably foresee that Arledge would shoot

6

Kiger. We conclude that Kiger has failed to present any facts that establish that her injuries were proximately caused by the Department's alleged miscalculation of eligibility for parole. Therefore, we affirm the summary judgment on behalf of the Department on this issue.

Plaintiff argues that the issue of foreseeability is a jury question in this case. As stated in Brohman v. State (1988), 230 Mont. 198, 205, 749 P.2d 67, 72:

> In any action for negligence, the plaintiff must produce evidence from which it can be reasonably inferred that the negligent conduct on the part of the defendant was the proximate cause of the plaintiff's injuries. . . . Under the facts of this case, the evidence presented and the depositional testimony, it is clear that Brohman could not prove by a preponderance of the evidence that the State proximately caused her injuries. Reasonable minds could not differ in this result.

Thus, when reasonable minds could reach but one conclusion, the question of foreseeability may be determined as a matter of law for purposes of summary judgment.

## II

Was it foreseeable that Arledge would shoot Kiger upon his release on parole because the Department failed to inform the Board of marijuana use by Arledge in prison?

In order to establish liability, Kiger must first show that the Department had a duty to inform the Board of Arledge's marijuana violation. The only duty of the Department is spelled out in § 46-23-203, MCA, which states:

> It shall be the duty of all prison officials to grant to the members of the board or its properly accredited representatives access at all reasonable times to any prisoner over whom the board has jurisdiction under parts 1, 2, 3 and 10 of this chapter, to provide for the board

7

or such representative facilities for communicating with and observing such prisoner, and to furnish to the board such reports as the board shall require concerning the conduct and character of any prisoner in their custody and any other facts deemed by the board pertinent in determining whether such prisoner shall be paroled.

Under the clear language of the statute, the Department was required only to furnish such reports as the Board "shall require" concerning the "conduct and character and any other facts deemed by the Board to be pertinent in determining whether Arledge should be paroled." Kiger has failed to present any facts that establish a duty on the part of the Department to inform the Board of Arledge's marijuana violation. We conclude that since no duty to inform has been proven, the issue of foreseeability is never reached. We affirm summary judgment on behalf of the Department on this issue.

### III

As to the State of Montana, Kiger argues that the State is liable because the Department and Board are administered by and under the jurisdiction of the State. Because the plaintiff did not appeal the judgment in favor of the Board, and because of our holding that the Department is not liable, no theory remains on which to hold the State liable, summary judgment was proper as to the State.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

8

_Diana S. Bass_

_John Conway Harrison_

_William E. Hunter_

_John L. Shelby_

_P. C. McDonough_

Justices