No. 91-281

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

UNITED STATES FIDELITY
AND GUARANTY COMPANY,

   Plaintiff and Appellant,

   v.

MIKE CAMP, as Phillips County Sheriff,
and RANDALL KIM BROADBROOKS,

   Defendants and Respondents,

APPEAL FROM:   District Court of the Seventeenth Judicial
               District, In and for the County of Phillips,
               The Honorable Leonard H. Langen, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Joseph M. Sullivan, Emmons & Sullivan,
            Great Falls, Montana

      For Respondent:

            Norman H. Grosfield, Utick & Grosfield,
            Helena, Montana

Submitted on Briefs:   September 24, 1991

Decided:   April 30, 1992

FILED

Filed:  APR 30 1992

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Plaintiff/appellant United States Fidelity and Guaranty Company brought an action in negligence to recover moneys paid to its insured for damages resulting from a fire in an apartment building. The suit named as defendants Randall Broadbrooks, who allegedly started the fire, and Phillips County Sheriff Mike Camp. Broadbrooks was an escapee from the Phillips County Jail at the time of the fire. Broadbrooks never appeared in the action and a default judgment was entered against him. Defendant/respondent Camp moved for summary judgment which was granted by the Phillips County District Court. It is from this grant of summary judgment that USF&G appeals. We affirm.

The following issues are raised on appeal:

1. Did the District Court err in finding that as a matter of law the USF&G negligence action must fail because the required element of proximate cause could not be proven?

2. Did the District Court err in determining that Sheriff Camp was immune from suit under the judicial immunity statute found at § 2-9-112, MCA?

3. If Sheriff Camp enjoyed judicial immunity, was it waived to the extent that there was insurance coverage for the liability?

The appellant made a number of arguments under issue two concerning the District Court's determination that the respondent enjoyed judicial immunity for the alleged acts of negligence. Appellant argued that a sheriff would not, under these circumstances, be entitled to rely on the immunity granted to the

2

judiciary. Additionally, appellant contended that a finding that the sheriff had judicial immunity violated the separation of powers doctrine as set forth in Article III, Section 1, of the Montana Constitution, and that such a finding reinvoked sovereign immunity in contradiction to Article II, Section 18, of the Montana Constitution. Concerning issue three, the appellant argued that pursuant to this Court's recent decision in Crowell v. School District No. 7 of Gallatin County (1991), 247 Mont. 38, 805 P.2d 522, any immunity was waived to the extent that insurance coverage existed for the liability. We will not address issues two and three in this opinion, as our decision concerning the first issue requires that we affirm the decision of the District Court.

On September 23, 1987, Randall Broadbrooks pled guilty to Driving While Under the Influence of Alcohol, Fourth Offense, and Driving While an Habitual Traffic Offender. The District Court sentenced Broadbrooks to one year in the county jail, but suspended all but three months of the sentence. The three months not suspended were to be served under a work release arrangement in which Broadbrooks would be released from the jail each week day from 8 a.m. to 5 p.m. in order to continue his employment as janitor for the Phillips County Courthouse complex.

The Phillips County Sheriff's Department had no set procedure for work release inmates. The sheriff's department did not attempt to monitor Broadbrooks during release time to ensure that he remained within the confines designated in the work release arrangement. The method used to keep track of the time at which

3

Broadbrooks left in the morning and returned in the evening was not entirely accurate. In fact, not all of the law enforcement officers of the sheriff's department were even aware of when Broadbrooks was to be released and returned, or where he could go while he was released.

On the evening of Friday, October 2, 1987, Broadbrooks did not return to the jail at 5 p.m. as required by the work release arrangement. At this point, the officer on duty called the undersheriff to inform him that the inmate had not returned. The undersheriff directed the officer on duty to try and locate the inmate and incarcerate him.

The officer on duty went to Broadbrooks' apartment and knocked on the door, but did not find Broadbrooks. The officer then went to the home of a female friend of Broadbrooks, but he was not there. The officer checked a local bar in Malta where he learned that Broadbrooks had been in earlier and purchased a six-pack of beer and left. After supper, the officer again checked with Broadbrooks' female friend and went back to Broadbrooks' apartment but did not locate him. A warrant to enter Broadbrooks' apartment was not sought and no additional members of either the sheriff's department or the city police were involved in the search.

During the early morning hours of Saturday, October 3, 1987, at approximately 2:30 a.m., a fire broke out at Broadbrooks' apartment. The origin of the fire has not been judicially determined, but for purposes of this appeal both parties concede that the fire was started when a cigarette Broadbrooks was smoking

4

fell and ignited a couch in the apartment. Broadbrooks awoke at some point after the fire had started and was able to escape without injury.

The officer who had been on duty the previous evening when Broadbrooks failed to return to the jail again went to the home of Broadbrooks' female friend at about 4 a.m. on Saturday morning. She informed the officer that Broadbrooks was passed out in her apartment. The officer did not take Broadbrooks into custody at this time, but did inform the sheriff's office of his whereabouts. Finally, around 9 a.m. on Sunday the undersheriff went to the residence of Broadbrooks' female friend and took him into custody.

Appellant brought this action as a subrogation claim to recover amounts paid to appellant's insureds, the owners of the apartment building damaged by the fire. Appellant named Broadbrooks as a defendant, alleging that he was negligent in starting the fire. Appellant also brought suit against Mike Camp, as Phillips County Sheriff, for negligently allowing Broadbrooks to escape and for negligently failing to apprehend Broadbrooks once the escape was discovered several hours after the fact. Broadbrooks did not appear in the action and a default judgment was entered against him on March 28, 1990. Respondent Camp moved for summary judgment on November 28, 1990, and appellant filed a cross-motion for partial summary judgment on December 28, 1990. On March 15, 1991, the District Court granted respondent's motion for summary judgment and denied appellant's motion for partial summary judgment. Following a motion to reconsider, which the District

5

Court denied, a judgment in favor of the respondent was entered on April 26, 1991.

Did the District Court err in finding that as a matter of law the appellant's negligence action must fail because the required element of proximate cause could not be proven?

Appellant contends that while the issue of proximate cause was before the District Court by way of the respondent's motion for summary judgment, the District Court did not even reach the issue of proximate cause. It is clear from reading the memorandum, opinion, and order of the District Court that the primary basis for granting respondent's motion for summary judgment was the District Court's finding that the respondent enjoyed judicial immunity. However, the court also stated that based upon the reasoning in several recent decisions of this Court, the respondent was entitled to summary judgment on the grounds that appellant could not meet the required element of proximate cause necessary to maintain an action for negligence. The court did not elaborate on the issue of proximate cause as a basis for granting the summary judgment motion because the court had "already determined that Defendant's Motion for Summary Judgment should be granted on the grounds of judicial immunity." While there was no detailed discussion of the issue of proximate cause, the District Court did rule on the issue and it is properly before this Court on appeal.

In order to maintain an action in negligence, this Court has stated that a plaintiff must prove four elements:

1. Existence of a duty;

6

2. Breach of the duty;

3. Causation; and

4. Damages.

Whitfield v. Therriault Corp. (1987), 229 Mont. 195, 745 P.2d 1126. All of these elements are necessary to successfully bring an action in negligence. In this case, the respondent has alleged that the third element, causation, cannot be proven by the appellant.

This Court has separated the element of causation into two separate components, causation in fact, and proximate or legal causation, both of which must be proven to prevail in an action for negligence. Young v. Flathead County (1988), 232 Mont. 274, 757 P.2d 772. Prior to the Young decision, the distinction between causation in fact and proximate causation was not generally recognized in Montana. However, in Young this Court adopted a two-tier analysis to determine if a defendant's breach of duty caused a plaintiff's injury. We have subsequently explained this analysis stating that:

> Liability for breach of duty in a negligence action attaches if the plaintiff can prove first that defendant's act is a cause in fact of injury and second that the injury is the direct or indirect result, proximately caused by the negligent act.

Kiger v. State Dept. of Institutions (1990), 245 Mont. 457, 459, 802 P.2d 1248, 1250. The first step in the analysis is to determine if the defendant's breach of duty was the cause-in-fact of the plaintiff's injury or damage. Concerning cause-in-fact we have stated that:

7

Causation in fact can be established in one of two ways. Normally, the 'but for' test is used. Under the 'but for' test, causation in fact is established simply by proving that the plaintiff's injury would not have occurred 'but for' the defendant's illegal conduct. Young, 757 P.2d at 777. Stated differently, the defendant's conduct is a cause of an event if the event would not have occurred but for that conduct; conversely, the defendant's conduct is not a cause of the event if the event would have occurred without it. Prosser and Keeton on Torts (5th Edition) § 41.

Kitchen Krafters v. Eastside Bank of Montana (1990) 242 Mont. 155, 167, 789 P.2d 567, 574. In some unusual circumstances, cause-in-fact may also be established by application of the "substantial factor test." However, in this case cause-in-fact is clearly established through the "but-for" test.

Once cause-in-fact is established, the plaintiff must still prove that the defendant's conduct proximately caused the plaintiff's injury. Kitchen Krafters, 789 P.2d at 574. This second tier of analysis in considering causation is necessary because:

Theoretically consequence for one's acts could continue into eternity but at some point in the chain of causation the law must intervene and absolve the defendant of liability. It was this policy consideration that led to the development of "proximate" or "legal" cause.

Kiger, 802 P.2d at 1250. Proximate cause is analyzed in terms of foreseeability. "A defendant is liable for his wrongful conduct if it is reasonably foreseeable that plaintiff's injury may be the natural and probable consequence of that conduct." Thayer v. Hicks (1990), 243 Mont. 138, 155, 793 P.2d 784, 795. In Young, we defined proximate cause stating that "proximate cause is one which

8

in a natural and continuous sequence, unbroken by any new, independent cause, produces injury . . . ." Young, 757 P.2d at 777. However, not all intervening causes will act so as to absolve the defendant of liability. The chain of causation will only be broken, thereby cutting off the defendant's liability, if the intervening cause is reasonably unforeseeable. Thayer, 793 P.2d at 795. However, if the intervening cause is one that the defendant might reasonably foresee as probable, or one that the defendant might reasonably anticipate under the circumstances, then the intervening act does not absolve the defendant of liability. Nehring v. LaCounte (1986), 219 Mont. 462, 712 P.2d 1329.

In this case, the respondent is not liable in negligence for the intervening acts of Broadbrooks and the consequences that followed such acts if, applying the ordinarily prudent person standard, they were not reasonably foreseeable by the respondent. Kiger, 802 P.2d at 1251. In this instance, Broadbrooks escaped, apparently became intoxicated, passed out in his apartment while smoking, and then started a fire when he allowed his cigarette to fall onto the couch. We hold that such actions and their consequences were not reasonably foreseeable and act as supervening causes of appellant's injury, thereby absolving the respondent of liability.

Appellant contends that the issue of foreseeability is one for the jury to decide. While the issue of foreseeability is generally an issue for the jury, this Court has held that when it is clear that plaintiff cannot prove by a preponderance of the evidence that

9

the defendant proximately caused the injury in question then "the question of foreseeability may be determined as a matter of law for purposes of summary judgment." Kiger, 802 P.2d at 1251. The District Court did not err in granting summary judgment for the respondent in this case.

The judgment of the District Court is affirmed.

_William E. Hunter_
Justice

We concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_R. C. McDonough_

_Karla M. Gray_

_Justices_

10

Justice Terry N. Trieweiler specially concurring.

I concur in the result arrived at by the majority opinion. However, I do not agree with all that is said therein about the discussion of foreseeability in the context of proximate cause. I would hold that foreseeability is an element of duty and that none was established under the facts in this case.

_____
Justice