No. 92-545

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

---

CLARENCE KING and LOIS FAY KING,
on their own behalf and as
Personal Representatives of the
Estate of DAVID R. KING,

     Plaintiffs and Appellants,

-vs.-

THE STATE OF MONTANA, THE STATE
HOSPITAL, and THE DEPARTMENT OF
INSTITUTIONS,

     Defendants and Respondents.

---

APPEAL FROM: District Court of the Twenty-First Judicial District,
In and for the County of Ravalli,
The Honorable Ed McLean, Judge presiding.


COUNSEL OF RECORD:

     For Appellants:

          Howard C. Greenwood, Hamilton, Montana

     For Respondents:

          Norman C. Peterson, Agency Legal Services Bureau,
Helena, Montana; William Gianoulias, Risk Management
and Tort Defense Division, Department of
Administration, Helena, Montana

---

FILED

JUL 2 0 1993

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: July 1, 1993

Decided: July 20, 1993

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

This is an appeal from an Opinion and Order of the Twenty-First Judicial District Court granting Defendants' motion to dismiss the Plaintiffs' complaint for its failure to state a claim upon which relief may be granted. We affirm.

We restate the issues on appeal as follows:

1. Did the District Court err in dismissing the Plaintiffs' negligence claim against the Defendants?

2. Did the District Court err in dismissing the Plaintiffs' intentional tort and 42 U.S.C. § 1983 claims against the Defendants without addressing those claims in its Opinion and Order?

On May 23, 1989, Victor Buddell (Buddell) was involuntarily committed to the Montana State Hospital for a three-month term and examination. On July 28, 1989, an evidentiary recommitment hearing was held before District Judge Ted L. Mizner. At the conclusion of this hearing, Judge Mizner found that Buddell was a danger to himself but that the least restrictive environment for Buddell was a conditional release to the community. On August 24, 1989, Buddell was released from the Montana State Hospital pursuant to Judge Mizner's Order. The State of Montana did not appeal that release order. On September 13, 1989, Buddell murdered David R. King, the son of the Plaintiffs, Clarence and Lois King (Kings).

The Kings filed an action against the Defendants (collectively referred to as State) alleging negligence, intentional acts, and violations of David R. King's civil rights under 42 U.S.C. § 1983. The State filed a motion to dismiss under Rule 12(b)(6), M.R.Civ.P.

2

District Judge Ed McLean dismissed the Kings' complaint on September 9, 1992, holding that the Kings had failed to establish a prima facie case of negligence because the State had no duty to appeal Judge Mizner's decision. Without referring to the Kings' claims based on intentional acts and an alleged violation of 42 U.S.C. § 1983, the District Court dismissed those claims as well. From the dismissal of the Kings' complaint, this appeal follows.

In reviewing a Rule 12 motion to dismiss, we will construe the complaint in the light most favorable to the plaintiffs and take the allegations of the complaint as true. Willson v. Taylor, (1981), 194 Mont. 123, 126, 634 P.2d 1180, 1182. The dismissal will be affirmed only if this Court finds that the plaintiffs are not entitled to relief under any set of facts which could be proven in support of the claim. Proto v. Missoula County (1988), 230 Mont. 351, 352-53, 749 P.2d 1094, 1095-96. When a case is dismissed pursuant to a pretrial motion and the credibility of witnesses is not an issue, the scope of review is broad and this Court may make its own examination of the entire case and make a determination in accordance with its findings. Shimsky v. Valley Credit Union (1984), 208 Mont. 186, 189-90, 676 P.2d 1308, 1310. The Court will uphold the result reached by the district court if its decision was correct, regardless of the reasons given by the district court for its conclusion. Shimsky, 676 P.2d at 1310.

## I - NEGLIGENCE CLAIM

The Kings' negligence action fails on two grounds. First, the State had no duty to appeal the District Court's decision not to recommit Buddell to the Montana State Hospital. Second, the Kings

3

could not establish that the acts of the State were the proximate cause of their son's death.

A.    DUTY TO APPEAL

The Kings contend that the State was negligent in not appealing the District Court's decision to conditionally release Buddell to the community.  In order to sustain a negligence action, the plaintiff must establish a legal duty, breach of that duty, and damages caused by that breach.  Whitfield v. Therriault Corp. (1987), 229 Mont. 195, 197, 745 P.2d 1126, 1127.  The Kings' argument necessarily requires that the State owed the Kings a duty to appeal the District Court's decision.  We disagree.

The recommitment proceedings involving Buddell originated under Title 53, Chapter 21, MCA.  The State petitioned for an extension of the commitment period pursuant to § 53-21-128, MCA, and the District Court entered an order consistent with the statutory authority therein.  These mental health statutes provide for appellate review of the district court's order.  Section 53-21-131, MCA, states:

> Appellate review of any order of short-term evaluation and treatment or long-term commitment **may** be had by appeal to the supreme court of Montana in the manner as other civil cases. . . . (emphasis added)

The word "may" is to be given its ordinary meaning unless there is a specific reason to treat it otherwise.  County of Chouteau v. City of Fort Benton (1979), 181 Mont. 123, 128, 592 P.2d 504, 507.  The ordinary meaning of "may" is that of permissiveness.  If a statute is permissive, "there is no 'clear mandatory duty' to perform the function enumerated by the statute."  Platz v. Hamilton

4

(1982), 201 Mont. 184, 189, 653 P.2d 144, 147. In this case, the determination to appeal the District Court's decision regarding Buddell's release was discretionary. There was no mandatory duty on the State to appeal this decision.

In addition, the Kings' contention that the State had a duty to appeal this decision raises serious policy concerns. For example, if the State had appealed this decision, there is no guarantee the appeal would have been successful. To impose a duty to appeal district court decisions would encourage attorneys to appeal every unfavorable decision to avoid being second-guessed at a later date. As the State points out in its brief, "[t]his Court would find itself the arbiter not only of whether a judge had made a correct decision based on the evidence, but also whether the attorney who did not appeal was or was not reasonably prudent and should have appealed because it was a close decision." The exercise of the right to appeal, by its very nature, must remain discretionary. Therefore, because the State had no duty to appeal the District Court decision, no action for negligence may lie.

B.   PROXIMATE CAUSE

The State also contends that the Kings could not prove the proximate cause element necessary to establish negligence. We agree.

To satisfy the third element of a negligence action, causation, the Kings must prove both cause in fact and proximate (or legal) cause. In this case, cause in fact is established through the "but for" test, where the injury would not have occurred but for the State's negligence. Kitchen Krafters, Inc. v.

5

Eastside Bank of Montana (1990), 242 Mont. 155, 167, 789 P.2d 567, 574. Proximate cause is established by applying a foreseeability test. Kitchen Krafters, 789 P.2d at 575. If the consequences of an act are not reasonably foreseeable, there is no proximate cause. Kitchen Krafters, 789 P.2d at 575. In addition, if a plaintiff's injury is caused by the intervening act of a third-party, the defendant's actions cannot be viewed as the proximate cause of that injury. Graham v. Montana State Univ., (1988), 235 Mont. 284, 289-90, 767 P.2d 301, 304.

In this case, the Kings could not establish proximate cause against the State, as the Kings' injury was clearly caused by the acts of Buddell. The Kings have attempted to distinguish our decisions in VanLuchene v. State (1990), 244 Mont. 397, 797 P.2d 932; Kiger v. State Dep't. of Inst. (1990), 245 Mont. 457, 802 P.2d 1248; and United States Fidelity & Guar. Co. v. Camp (1992), 49 St. Rep. 372, _____ P.2d ___. However, these three cases clearly control in this case.

In VanLuchene, an inmate at the Montana State Prison was released after serving the entire term of his sentence. After his release, he killed a young child. VanLuchene, 797 P.2d at 933. The parents and siblings of the child sued the State, alleging the State was negligent in releasing the inmate prior to his completing the sexual offender treatment program and for failing to warn the public of his release from prison. VanLuchene, 797 P.2d at 934. The district court dismissed the case, holding that the plaintiffs' theories of proximate cause were speculative and that the State's acts were not the proximate cause of the plaintiffs' injuries.

6

VanLuchene, 797 P.2d at 934. The district court's dismissal was affirmed by this Court. VanLuchene, 797 P.2d at 936.

In Kiger, a paroled inmate from the Montana State Prison shot a woman while attempting to steal her car. Kiger, 802 P.2d at 1249. The victim filed an action against the State, alleging the State was negligent during the parole process of the inmate. Kiger, 802 P.2d at 1249. The district court dismissed this action on the basis that the plaintiff could not establish proximate cause. Kiger, 802 P.2d at 1249. This court affirmed, stating that the inmate's actions could not have been reasonably foreseen by the State. Kiger, 802 P.2d at 1251.

In Camp, a prisoner on work release became intoxicated, passed out, and started a fire when his lighted cigarette fell on a couch. Camp, 49 St.Rep. at 373. The district court entered summary judgment against the plaintiff, finding that the plaintiff could not establish proximate cause. Camp, 49 St.Rep. at 373. This Court affirmed that dismissal, holding that the prisoner's intervening acts were not reasonably foreseeable. Camp, 49 St. Rep. at 374.

These three cases are analogous to the case at bar. The acts of Buddell were not reasonably foreseeable and, therefore, the Kings cannot establish proximate cause against the State.

II - INTENTIONAL TORT AND 42 U.S.C. § 1983 CLAIMS

The Kings contend that the District Court erred in dismissing the entire complaint, because the District Court's Opinion and Order only addressed the negligence action. We agree with the District Court's decision to dismiss the intentional tort and 42

7

U.S.C. § 1983 claims.

The Kings did not allege any specific intentional tort action in their complaint. Rather, the Kings alleged that the State "intentionally adopted and carried out a considered and deliberate practice . . . of routinely not appealing the rulings of the District Court at recommitment hearings." As we previously held, the State has no mandatory duty or obligation to appeal the ruling of a district court at a recommitment hearing. Thus, the Kings have failed to allege any intentional act committed by the State upon which relief could be granted.

The action based on 42 U.S.C. § 1983 also must be dismissed. The Kings filed this action against the State of Montana, the State Hospital, and the Department of Institutions. These parties are not "persons" subject to liability under this federal civil rights statute. Holladay v. Montana (D.C. Mont., 1981), 506 F.Supp. 1317, 1321. See also Will v. Michigan, 491 U.S. 58, 64, 109 S.Ct. 2304, 2308, 105 L.Ed.2d 45, 53. ("[A] state is not a person within the meaning of § 1983.")

In Holladay, the plaintiff was suspended from his job as superintendent of the Pine Hills School for Boys, a division of the Montana Department of Institutions. The plaintiff filed an action against the State of Montana and the Department of Institutions, among others, alleging violations of 42 U.S.C. § 1983. Holladay, 506 F.Supp. at 1320. The State of Montana and the Department of Institutions filed a motion to dismiss the action. Calling the Department an "alter ego" of the State, the court found that neither party could be considered a "person" under the federal

8

civil rights statute and dismissed the action against them. Holladay, 506 F.Supp. at 1320-21.

Following the reasoning in Holladay, we hold that the State of Montana, the State Hospital, and the Department of Institutions are not "persons" under 42 U.S.C. § 1983 and thus the action against these parties was properly dismissed by the District Court.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

9

July 20, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Howard C. Greenwood
Attorney at Law
P.O. Box 1567
Hamilton, MT  59840

Norman C. Peterson
Agency Legal Services Bureau
Justice Bldg., 215 N. Sanders
Helena, MT  59620

William Gianoulias
Risk Management and Tort Defense Div.
Dept. of Admin., Rm. 111, Mitchell Bldg.
Helena, MT  59620

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy