No. 93-411

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

MABEL LOGAN,

      Plaintiff and Appellant,

  v.

YELLOWSTONE COUNTY, METRAPARK
and METRAPARK BOARD,

      Defendants and Respondents.



FILED

JAN 2 6 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell K. Fillner, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Terry L. Seiffert, Billings, Montana

          Gary L. Beiswanger, Billings, Montana

      For Respondent:

          Steven J. Lehman, Crowley, Haughey, Hanson, Toole
and Dietrich, Billings, Montana

          Brent Brooks, Deputy County Attorney, Billings,
Montana

Submitted on Briefs:  December 16, 1993

Decided:  January 26, 1994

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

This is a claim of wrongful discharge. The District Court for the Thirteenth Judicial District, Yellowstone County, entered summary judgment for defendants. We affirm.

The decisive issues are:

1. Did the District Court err in dismissing the complaint when the motion for summary judgment did not specifically request that relief?

2. Did the court err in determining that plaintiff Mabel Logan cannot as a matter of law meet the proximate causation requirements necessary for recovery?

Mabel Logan began working for the Yellowstone Exhibition/Metra (Metra) as a switchboard operator in 1980. In May of 1987, she was informed that the switchboard position was going to be eliminated in a reorganization. Logan was discharged from employment at the Metra on June 30, 1987.

Logan was between jobs for about three weeks. On July 28, 1987, she began working as a control operator at the Yellowstone County Jail. Her new job at the jail paid ninety cents more per hour than her former job.

While working at the jail, Logan suffered a repetitive motion injury to her hands. She filed this action in 1988, claiming that defendants breached the implied covenant of good faith and fair dealing and negligently breached their employment contract in terminating her employment at Metra. She also claims that the

2

Metrapark Commission-Board is an illegal entity whose void acts entitle her to recovery. She seeks compensatory damages including loss of PERS, health insurance, and other benefits of employment as a result of her repetitive motion injury. She also requests punitive damages. Beginning in September 1991, she has received temporary total disability benefits through workers' compensation for her repetitive motion injury.

Defendants moved for summary judgment based upon the record, which included excerpts from depositions. After briefing and oral argument, the court entered summary judgment for defendants on all counts. The court ruled, as a matter of law, that Logan's discharge from employment at Metra was not the proximate cause of her injuries, nor were her injuries foreseeable. The court also ruled that Logan cannot recover for her damages because of the exclusive recovery doctrine of workers' compensation law. Further, the court ruled that neither the dual capacity doctrine nor the intentional tort exception to the exclusivity doctrine applies.

On the claim of negligent discharge, the court noted Logan's concession that she does not have a claim due to case law developments since she filed her complaint. In denying the claim that the Metrapark Commission-Board is an illegal entity, the court cited § 7-21-3451, MCA, and this Court's opinion in Koch v. Yellowstone County (1990), 243 Mont. 447, 795 P.2d 454. The court denied the punitive damages claim against Yellowstone County on the basis that Yellowstone County is a governmental entity.

3

## Issue 1

Did the District Court err in dismissing the complaint when the motion for summary judgment did not specifically request that relief?

The brief in support of the motion for summary judgment concluded:

> Plaintiff's Complaint fails on all of its counts because Plaintiff cannot establish that she suffered any damages that were proximately caused by her discharge from the Yellowstone County Metra in 1987. The damages she is trying to claim arose three years later when she suffered a repetitive motion injury at her job running the Yellowstone County jail control board. She has recovered damages through Montana's workers' compensation law for that repetitive motion injury. She cannot as a matter of Montana law establish any proximate cause connection between her discharge from employment in 1987 and the damages suffered in her repetitive motion injury in 1990 and after.

Logan cites cases setting forth the rule that a district court does not have jurisdiction to grant relief outside the issues presented. See, e.g., In re Custody of C.S.F. (1988), 232 Mont. 204, 755 P.2d 578. However, in this case, the motion for summary judgment on all issues put squarely before the court the issue of whether the complaint should be dismissed. We hold that the court did not exceed the relief requested when it dismissed the complaint.

## Issue 2

Did the court err in determining that Logan cannot as a matter of law meet the proximate causation requirements necessary for recovery in tort law?

4

Our standard of review of a summary judgment is the same as that of the trial court: Based on the record, are there genuine issues of material fact, and is the moving party entitled to judgment as a matter of law? Rule 56(c), M.R.Civ.P.; Knight v. City of Missoula (1992), 252 Mont. 232, 243, 827 P.2d 1270, 1276-77. In this case the parties do not disagree on issues of material fact; instead, their arguments address application of the law to the facts. Therefore, we proceed to consider whether the defendants are entitled to judgment as a matter of law.

Logan argues that defendants should have foreseen that she could lose her PERS, health insurance, and other benefits as a result of the termination of her employment at Metra. She states that, had she not been wrongfully discharged from her job as a switchboard operator at Metra, she never would have taken the Yellowstone County Jail job and suffered a repetitive motion injury. She therefore claims defendants are obligated for all damages she has suffered that have not been paid by Yellowstone County's workers' compensation carrier. She maintains that the question of foreseeability is, at minimum, one for a jury.

Because Logan's discharge from employment preceded the effective date of the Wrongful Discharge from Employment Act, Title 39, Ch. 2, Part 9, this action was brought under common law theories. Breach of the duty to deal fairly and in good faith in the employment relationship is a tort. Gates v. Life of Montana Ins. Co. (1983), 205 Mont. 304, 307, 668 P.2d 213, 215. A tort is

5

comprised of three basic elements: (1) existence of a legal duty from defendant to plaintiff, (2) breach of that duty, and (3) the damage as a proximate result. Joseph v. Hustad Corporation (1969), 153 Mont. 121, 124, 454 P.2d 916, 918. Proximate cause is analyzed in terms of foreseeability. "A defendant is liable for his wrongful conduct if it is reasonably foreseeable that plaintiff's injury may be the natural and probable consequence of that conduct." Thayer v. Hicks (1990), 243 Mont. 138, 155, 793 P.2d 784, 795.

Whether or not there is substantial evidence to raise an issue of fact is a question of law for the court and not an issue of fact for the jury. Federal Land Bank of Spokane v. Snider (1991), 247 Mont. 508, 513, 808 P.2d 475, 478; Flansberg v. Montana Power Co. (1969), 154 Mont. 53, 60, 460 P.2d 263, 267. We agree with the District Court that the causal connection between Logan's discharge from employment and her repetitive motion injury is so remote that the injury cannot reasonably be described as a foreseeable result of the discharge from employment three years earlier. There is insufficient evidence in the record to support a reasonable inference that Logan's injuries were caused by defendants' act in discharging her from employment at Metra.

We conclude the court properly entered summary judgment for defendants on the claim of wrongful discharge, due to insufficient evidence on the causation element. Because we so conclude, we need not rule on the issues relating to the exclusivity doctrine of

6

workers' compensation or the legality of the Metrapark Board. Nor is it necessary that we rule on the correctness of the court's separate conclusion that punitive damages are not available against Metrapark as a government entity.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____
Justices

Justice William E. Hunt, Sr., dissents from the foregoing opinion.

_____
Justice

7

January 26, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Terry L. Seiffert, Esq.
316 No. 33rd St.
P.O. Box 31181
Billings, MT 59107

Gary L. Beiswanger, Esq.
P.O. Box 20562
Billings, MT 59104

Steven J. Lehman, Esq.
Crowley, Haughey, Hanson, Toole & Dietrich
P.O. Box 2529
Billings, MT 59103-2529

Brent Brooks
Deputy County Attorney
P.O. Box 35025
Billings, MT 59104

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy