No. 94-143

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

DONNA MAY PAPPAS,

      Plaintiff and Appellant,

-vs-

MIDWEST MOTOR EXPRESS, INC., and
FREIGHTMASTERS, INC.,

      Defendants and Respondents.

**FILED**

DEC 12 1994

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell Fillner, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Larry R. Cole, Attorney at Law, Billings,
          Montana

      For Respondents:

          Michael W. Tolstedt; Brown, Gerbase, Cebull,
          Fulton, Harman & Ross, Billings, Montana

Submitted on Briefs: September 8, 1994

Decided: December 12, 1994

Filed:

*[signature]*

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Donna May Pappas (Pappas) appeals from a judgment of the Thirteenth Judicial District Court, Yellowstone County, dismissing her complaint after granting summary judgment in favor of Midwest Motor Express, Inc. (Midwest) and Freightmasters, Inc. (Freightmasters). We affirm, concluding that no genuine issue of material fact exists with regard to whether the defendants were the proximate cause of the accident and, therefore, that the defendants were entitled to summary judgment as a matter of law.

Pappas, a stained glass artist operating a home-based business in Billings, Montana, ordered a large quantity of stained glass from an out-of-state company in June of 1991. Midwest shipped the glass to Montana and Freightmasters delivered it to Pappas.

Pappas expected Freightmasters to deliver the glass on July 8, 1991. She had arranged with a friend, B.R. Buckingham (Buckingham), for assistance unloading the glass as well as help providing tools to break open the crate and gloves to move the glass sheets. Buckingham offered to help Pappas because he knew Freightmasters would not deliver the glass upstairs to her apart-ment. Pappas was supposed to call him when the shipment arrived.

Freightmasters arrived at Pappas' apartment complex with a large wooden crate weighing approximately 325 pounds on July 8. Pappas requested Freightmasters to deliver the crate to the porch of her upstairs apartment. Freightmasters' driver had neither the equipment nor the personnel available to honor her request; instead, he unloaded the crate in a common driveway in the

2

apartment complex. At Pappas' request, but without success, he did attempt to push the crate off to the side of the driveway.

Pappas continued to insist that Freightmasters' driver move the crate from the driveway. After learning that the crate was filled with individual glass sheets, the driver offered to help carry the glass up to her apartment. Before they began, Pappas asked the driver if he had any gloves she could wear; he did not. Pappas and the driver began moving the glass without gloves. The second sheet of glass Pappas carried slipped in her grip, resulting in injury to the web space of her left hand. Buckingham was not called until after the accident occurred. Pappas later acknowledged she had seven years' professional experience working with and handling stained glass and taught classes on the subject. She also freely admitted she should not have moved the glass without gloves.

Pappas sued Midwest and Freightmasters for negligence. The defendants moved for summary judgment. The District Court granted the motion, entered summary judgment and dismissed Pappas' complaint. Pappas appeals, raising the issue of whether the District Court erred in granting summary judgment in favor of the defendants.

Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. We review an order granting summary judgment by applying the same criteria as the district court. Minnie v. City of Roundup (1993), 257 Mont. 429, 431, 849

P.2d 212, 214. Ordinarily, issues of negligence are questions of fact not susceptible to summary adjudication. Dillard v. Doe (1991), 251 Mont. 379, 382, 824 P.2d 1016, 1018 (citations omitted). In certain cases, however, where reasonable minds could reach but one conclusion as to the cause of the accident, questions of fact may be determined as a matter of law. Dillard, 824 P.2d at 1018.

A plaintiff must prove four elements to maintain an action in negligence: (1) duty; (2) breach of the duty; (3) causation; and (4) damages. U.S.F. & G. v. Camp (1992), 253 Mont. 64, 68, 831 P.2d 586, 588-589. Pappas' complaint alleged that the defendants owed her the following duties: (1) to bring the required unloading equipment; (2) to place the crate on her property; (3) to place the crate where she asked; (4) to unload the crate in a safe place; (5) to warn of the danger of uncrating the glass; and (6) to furnish her with gloves.

In this case, the propriety of summary judgment can be determined by addressing the existence or absence of a genuine issue of material fact as to whether the defendants' acts were the proximate cause of the accident. We have separated the causation element into two separate components: causation in-fact and proximate or legal causation. U.S.F. & G., 831 P.2d at 589. Thus, as to the causation element of a negligence claim, the plaintiff must prove first, that the defendant's act is the cause-in-fact of the injury and second, that the injury is the direct or indirect result, proximately caused by the negligent act. U.S.F. & G., 831

4

P.2d at 589; Kiger v. State of Montana (1990), 245 Mont. 457, 459, 802 P.2d 1248, 1250. Stated differently, proximate cause is an act or omission which, "in a natural and continuous sequence, unbroken by any new, independent cause, produces injury, and without which the injury would not have occurred." Bickler v. Racquet Club Heights Assoc. (1993), 258 Mont. 19, 23, 850 P.2d 967, 970; quoting Young v. Flathead County (1988), 232 Mont. 274, 282, 757 P.2d 772, 777.

In a case where the plaintiff's own negligence contributed to the accident or injury, proximate causation can be determined as a matter of law if the comparative negligence of the plaintiff exceeds the negligence of the defendant. Brohman v. State (1988), 230 Mont. 198, 205, 749 P.2d 67, 70. This is so because if the plaintiff's own negligence exceeds the defendant's, the plaintiff could not prove by a preponderance of the evidence that it was the defendant's negligence that proximately caused the injury. Brohman, 749 P.2d at 72.

For purposes of analysis, we will assume the defendants breached the duties alleged by Pappas in failing to deliver the glass safely into her apartment, provide gloves or warn as to the dangers of uncrating the glass. See Dillard, 824 P.2d at 1019. We will also assume that these presumed breaches of duty were the cause-in-fact of Pappas' injuries, thereby focusing our attention on the question of proximate causation.

The material facts are undisputed. After working with stained glass for seven years and teaching classes in the subject, Pappas

5

was aware of the risk of injury from carrying large sheets of glass without gloves. She understood from Buckingham that Freightmasters would probably not deliver the glass to her upstairs apartment and, as a result, made preparations in advance of receiving the shipment by having Buckingham available to provide gloves and assistance. To avoid the risk of injury, Pappas could have called Buckingham, as arranged, and waited for the gloves to arrive before picking up the glass.

Section 27-l-701, MCA, provides that except as otherwise provided by law, everyone is responsible for injury by want of ordinary care or skill in the management of property or person. Based on the record before us, there is no doubt that Pappas breached her duty of ordinary care when she began moving the glass, and that her breach contributed to her injury.

In order for summary judgment to be appropriate in this case, however, we must determine whether Pappas' negligent act clearly exceeded the presumed negligence of the defendants such that reasonable minds could not differ that her own actions constitute the proximate or legal cause of her injuries. Brohman, 749 P.2d at 72. The facts and analysis in Brohman provide clear guidance.

Brohman involved an automobile accident which occurred during a snowstorm, producing limited visibility on a dark and intermittently snow-packed highway. While in the act of passing a slow-moving truck in a no passing zone marked by double yellow lines, Brohman struck another vehicle traveling in the opposite direction. She then brought a negligence action against the State

of Montana based on the highway design and failure to install no passing signs which would have identified the zone.  The State successfully moved for summary judgment and Brohman appealed. We affirmed, stating that:

> Even assuming, as the District Court did, that there was negligence on the part of the State, Brohman's act of attempting to pass without a clear view was the proximate cause and far exceeded any negligence on the part of the State.

Brohman, 749 P.2d at 72.  Faced with a situation like the one in Brohman, any reasonable driver would have realized that passing the truck at night, in a snowstorm, on a partially snow-packed highway was likely to result in an accident and injury.  Even though no passing signs and a better designed highway may have prevented the accident, we determined that reasonable minds could not differ in concluding that the plaintiff's negligence constituted the proximate cause of the accident as a matter of law.  Brohman, 749 P.2d at 72.

Like the plaintiff in Brohman, Pappas' actions demonstrate substantial disregard of a known danger.  From her past experience, she knew injury could result from picking up glass without gloves. Having assumed that she would have to move the glass into her apartment from the crate,  Pappas had made arrangements with Buckingham which included his providing gloves to avoid the exact injury she suffered.  Given her prior arrangements and knowledge of the danger of handling glass without gloves, Pappas' own negligence in moving the sheets of glass without gloves clearly exceeds the presumed negligent acts of the defendants in failing to deliver the

7

glass upstairs to the apartment, provide gloves or warn about the dangers of uncrating the glass.

We hold, therefore, that reasonable minds could not differ in concluding that Pappas' actions constitute the proximate cause of her injury in that they exceeded the negligence of the defendants which we have presumed and comprised the acts directly producing her injury. The District Court did not err in granting the motion of Midwest and Freightmasters for summary judgment and dismissing Pappas' complaint.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____
Justices

8

Justice William E. Hunt, Sr., dissenting.

I dissent from the **majority** opinion.

It is clear to me that in order to arrive at the conclusion that the majority has come to, requires findings of fact which are better left to a jury. I do not think that, in moving sheets of glass, the plaintiff clearly exceeded the presumed negligent acts of the defendants in failing to deliver the glass upstairs to the apartment. I do not *have* the confidence of the majority that a jury could not possibly find otherwise than that the plaintiff's negligence exceeded that of the defendants. A jury might well find the same facts that are found by the majority, but on the other hand, it might not, and plaintiff is entitled to have a jury make that decision. I would reverse the summary judgment.

_William E Hunt Sr_
Justice

9