JUSTICE ERDMANN
concurring in part and dissenting in part.
I concur in the majority’s opinion on Issues 1, 2, and 4, but write separately to dissent on Issue 3.
I disagree with the majority’s holding that the District Court’s failure to instruct on proximate cause was harmless error. I am convinced that the failure to define proximate cause for the jury was reversible error. In fact, the jury received no instructions at all which defined causation. Furthermore, I disagree with the majority’s analysis of foreseeability as applied to proximate cause and therefore dissent from the majority’s decision to overrule the requirement in Kitchen Krafters v. Eastside Bank of Montana (1990), 242 Mont. 155, 789 P.2d 567, that causation instructions include a discussion of foreseeability.
In Davis v. L.D.S. Church (1990), 244 Mont. 61, 796 P.2d 181, we held that it was error for the lower court to not instruct on proximate cause and stated that the question of proximate cause is an issue of fact to be decided by the jury. Davis, 796 P.2d at 186. In order to constitute reversible error, the lower court’s actions must affect the substantial rights of the complaining party. Davis, 796 P.2d at 186 (citing Rollins v. Blair (1989), 235 Mont. 343, 767 P.2d 328. In Davis we concluded that the defendant was not prejudiced by the court’s *377 failure to instruct on proximate cause and therefore held the error to be harmless. Davis, 796 P.2d at 187.
However, under the circumstances of the present case, I would hold that the District Court erred in not instructing the jury on proximate cause. A number of instructions given by the District Court contained the phrase “proximate cause,” but the jury was not given the benefit of any guidance from the court on this crucial concept. It is the duty of the court to instruct the jurors fully and correctly on all applicable laws. Billings Leasing Co. v. Payne (1978), 176 Mont. 217, 224, 577 P.2d 386, 390. As this Court noted in Billings Leasing Co.:
“ * * * In instructing the jurors, we must assume that they have no knowledge of the rules of law and that therefore, they must be instructed on all points of law which, under any reasonable theory, might be involved in their deliberations, to the end that their decision will be according to the law and the evidence and untinged by any private and possibly false opinion of the law that they entertain.”
....
Jury instructions are crucial to a jury’s understanding of the case and, unfortunately, counsel cannot always be relied upon to provide those instructions. ...
“It is the inescapable duty of the trial judge to instruct the jurors, fully and correctly, on the applicable law of the case, and to guide, direct, and assist them toward an intelligent understanding of the legal and factual issues involved in their search for truth. The court must instruct the jury properly on the controlling issues in the case even though there has been no request for an instruction or the instruction requested is defective.”
Billings Leasing Co., 577 P.2d at 390-91 (quoting McBride, The Art of Instructing the Jury at 17 (1969), and 9 Wright & Miller, Federal Practice and Procedure, Civil § 2556).
In the present case, the hospital offered an instruction on proximate cause which was refused by the District Court. The plaintiff withdrew her instructions defining causation. As a result, the jury was not instructed on the crucial concept of proximate cause which is a key element in all negligence actions. After analyzing foreseeability and proximate cause, the majority determines this to be harmless error. I differ with the majority’s analysis and position on foreseeabil *378 ity and proximate cause and conclude that the District Court’s failure to define proximate cause for the jury in this case was reversible error.
The majority claims it is redundant and confusing to jurors to focus on foreseeability when analyzing both the “duty” element and “proximate cause” element of the tort of negligence. On the contrary, I believe that such a dual analysis of foreseeability is a necessary and reasonable analysis which has, unfortunately, been complicated in Montana by the confusing wording of the Kitchen Krafters instruction.
In Mang v. Eliasson (1969), 153 Mont. 431, 458 P.2d 777, and its progeny, we determined that the concept of foreseeability was a part of the “duty” element. See Ford v. Rupple (1972), 161 Mont. 56, 504 P.2d 686; Williams v. Montana National Bank (1975), 167 Mont. 24, 534 P.2d 1247; Schafer v. State (1979), 181 Mont. 102, 592 P.2d 493; Pretty On Top v. City of Hardin (1979), 182 Mont. 311, 597 P.2d 58; Ambrogini v. Todd (1982), 197 Mont. 111, 642 P.2d 1013; Belue v. State (1982), 199 Mont. 451, 649 P.2d 752. The majority agrees with the rationale of this line of cases but concludes that, with the exception of cases involving intervening superseding events, foreseeability should be restricted to the “duty” analysis.
In Kitchen Krafters we applied the concept of foreseeability to the element of causation and stated that “[p]roximate cause is normally analyzed in terms of foreseeability. Simply stated, one is only liable for consequences which are considered to be reasonably foreseeable.” Kitchen Krafters, 789 P.2d at 575 (citing Prosser and Keeton on Torts § 43 (5th ed. 1984)). The line of cases which followed Kitchen Krafters, and which were not overruled by the majority, repeated the requirement that foreseeability be considered as part of proximate cause. See Thayer v. Hicks (1990), 243 Mont. 138, 793 P.2d 784; Kiger v. State (1990), 245 Mont. 457, 802 P.2d 1248; U.S.F. & G v. Camp (1992), 253 Mont. 64, 831 P.2d 586; King v. State (1993), 259 Mont. 393, 856 P.2d 954; Logan v. Yellowstone County (1994), 263 Mont. 218, 868 P.2d 565; Miller v. Mather (1995), 270 Mont. 188, 890 P.2d 1277.
As noted, the majority concludes it is unnecessary to address foreseeability as part of the causation element, except in cases of intervening superseding events. I disagree and submit that the concept of foreseeability has a proper and distinct place in the analysis of both “duty” and “causation” elements — both of which must be satisfied in order to establish the prima facie case for negligence. See Calkins v. Cox Estates (N.M. 1990), 792 P.2d 36; McCain v. Florida Power Corp. (Fla. 1992), 593 So. 2d 500; Nelson by Tatum v. Com. Edison Co. (Ill. App. 2d 1984), 465 N.E.2d 513.
*379 The analysis of foreseeability in the “duty” context focuses on whether or not the plaintiff was in the zone of danger to be protected from the defendant’s actions. As the New Mexico Supreme Court has recently stated:
This case raises issues of duty and proximate cause. Integral in both elements is a question of foreseeability. In determining duty, it must be determined that the injured party was a foreseeable plaintiff — that he was within the zone of danger created by respondent’s actions; in other words, to whom was the duty owed?
Calkins, 792 P.2d at 38. If the plaintiff was not in the zone of danger there was no duty and therefore no negligence. The Florida Supreme Court has recently held that:
[F] oreseeability relates to duty and proximate causation in different ways and to different ends. The duty element of negligence focuses on whether the defendant’s conduct foreseeably created a broader “zone of risk” that poses a general threat of harm to others.
McCain, 593 So. 2d at 502.
Foreseeability in the “causation” context requires an analysis of whether the circumstances surrounding the actual occurrence of the plaintiff’s injury were a foreseeable result of the defendant’s breach. It is only after a duty and breach of that duty has been established that the “causation” element is analyzed with its distinct application of the foreseeability concept. As the Calkins Court stated:
In determining proximate cause, an element of foreseeability is also present — the question then is whether the injury to petitioner was a foreseeable result of respondent’s breach, i.e., what manner of harm is foreseeable?
Calkins, 792 P.2d at 38. The McCain Court stated:
The proximate causation element, on the other hand, is concerned with whether and to what extent the defendant’s conduct foresee-ably and substantially caused the specific injury that actually occurred. In other words, the former [duty element] is a minimal threshold legal requirement for opening the courthouse doors, whereas the latter [causation element] is part of the much more specific factual requirement that must be proved to win the case once the courthouse doors are open. As is obvious, a defendant might be under a legal duty of care to a specific plaintiff, but still not be liable for negligence because proximate causation cannot be proven.
It might seem theoretically more appealing to confine all questions of foreseeability within either the element of duty or the *380 element of proximate causation. However, precedent, public policy, and common sense dictate that this is not possible. Foreseeability clearly is crucial in defining the scope of general duty placed on every person to avoid negligent acts or omissions. ...
....
On the question of proximate causation, the legal concept of foreseeability also is crucial, but in a different way. In this context, foreseeability is concerned with the specific, narrow factual details of the case, not with the broader zone of risk the defendant created.
McCain, 593 So. 2d at 502-03.
Both arenas of the foreseeability analysis are independent and distinct from one another. Foreseeability applied to the “duty” element must be decided as a matter of law by the judge using established legal policy to determine whether a duty was owed to the plaintiff. On the other hand, foreseeability applied to the “causation” element is a question of fact. See Calkins, 792 P.2d at 38.
Without such a dual approach to the foreseeability analysis, the determination of whether the “causation” element is satisfied is reduced to a bare-bones question of cause-in-fact. In removing foreseeability from the causation analysis, the majority’s approach results in a situation where once duty and breach are established, a “but-for” or “substantial factor” analysis is all that remains in order to satisfy the causation element — I submit that such an inquiry will invariably be answered in the affirmative, particularly when it is obvious or conceded that a duty has been breached.
I must also address the majority’s argument that Montana’s statutory framework for determining liability reinforces its position. Section 1-1-204, MCA, does include the concept of foreseeability in the “duty” element when it defines negligence as “a want of the attention to the nature or probable consequences of the act or omission that a prudent man would ordinarily give in acting in his own concerns.” However, I fail to follow the majority’s logic when it states that the language of § 27-1-317, MCA, set forth below, specifically precludes the applicability of a foreseeability requirement to the issue of proximate cause.
For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not.
*381 This statute addresses damages and the language simply means that if the injury was foreseeable it makes no difference whether the damages were also foreseeable.
Finally, I am not persuaded by the majority’s position that lay jury members are confused by concepts such as foreseeability and proximate cause and therefore that they are distracted from their duty to decide cases based on their merits. I submit that such concepts are not only necessary to establish the prima facie case for negligence but are also, when accurately defined, the proper tools to enable the jury to do its job. In my view it is better to explain these concepts and define how they are to be used by the jury rather than to leave the juries’ understanding of them to chance and differing definitions.
In conclusion, I would be the first to admit that the language contained in the Kitchen Krafters instruction has caused problems for judges and practitioners alike. The adequacy of the instruction needed to be addressed and revised. However, I am not convinced that in remedying the instruction it is necessary to abandon the concept of foreseeability and its dual application to the analysis of both the “duty” and “causation” elements in negligence actions.
CHIEF JUSTICE TURNAGE joins in the foregoing concurring and dissenting opinion.