IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 98-344

1999 MT 199A

_____

CARLOS LOPEZ, )

)

Plaintiff and Appellant, )

)

v. ) O R D E R

)

GREAT FALLS PRE-RELEASE SERVICES, INC., )

)

Defendant and Respondent. )

_____

Appellant Carlos Lopez (Lopez) has filed herein a Petition for Rehearing of this Court's decision, issued August 26, 1999. Lopez states that he "does not disagree with the Court's ultimate resolution of the case . . . he believes that some of the rationale provided . . . could be interpreted as creating inequitable legal hurdles for persons injured by escaped felons which would have serious unintentional consequences in this and other litigation involving escapees from correctional facilities."

Respondent, Great Falls Pre-Release Services, Inc., has responded, countering that "Mr. Lopez's concerns are unwarranted and a rehearing is not justified." We agree with the

respondent that rehearing in this matter is not warranted. We do, however take this opportunity to amend ¶ 35, ¶ 36 and ¶ 40 as follows (stricken language is deleted; underlined language is added):

¶35 . . . Rather, reasonable minds could differ as to whether it was reasonably foreseeable by the Center that a failure to adequately supervise Gardipee, permitting him to escape, could pose an

unreasonable risk of harm to Lopez in particular nearby residents, including Lopez.

¶36 It is true, as the District Court reasoned, that Gardipee's criminal history, though lengthy, primarily consisted of property crimes. We note in passing that Gardipee had also been convicted of the crime of obstructing a police officer, an offense which suggests a predisposition for conflict and perhaps even violence. Ultimately, however, Gardipee's nonviolent criminal history does not end our inquiry. The Center had other information in its possession suggesting that Gardipee posed a risk of injury to Lopez others.

. . . .

¶40 As noted earlier, all reasonable inferences must be drawn from the record in favor of the party opposing summary judgment. *Porter*, 275 Mont. at 179, 911 P.2d at 1146. In drawing all reasonable inferences in favor of Lopez, we conclude that the summary judgment record raises a genuine issue of material fact as to whether the Center knew or should have known that there was enmity between the two men and, given that Lopez resided in Great Falls, that there was a possibility of violence if Gardipee escaped.

In all other respects, this Court's opinion of August 26, 1999, shall remain the same. Let remittitur issue forthwith.

The Clerk is directed to mail a true copy hereof to counsel of record for the respective parties.

DATED this 14th day of October, 1999.

/S/ J. A. TURNAGE

/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ KARLA M. GRAY