IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 86-309

JOHN KIEHL NUTTER,

Plaintiff and Appellant,

v.

THE PERMIAN CORPORATION,

Defendant and Respondent.

FILED

NOV 13 1986

Ethel M. Harrison
CLERK OF SUPREME COURT
STATE OF MONTANA

OPINION AND ORDER
DISMISSING·APPEAL

John Kiehl Nutter appeals to this Court from an order of the District Court, Eighth Judicial District, Cascade County, dated June 6, 1986, denying John Kiehl Nutter's motion for summary judgment, denying his motion for the imposition of sanctions against The Permian Corporation, abstaining from further proceedings in the District Court case in Cascade County, and transferring the cause to the District Court of the Ninth Judicial District in and for the County of Toole.

John Kiehl Nutter filed his complaint on October 8, 1985 against The Permian Corporation, a Texas corporation, alleging that in 1984 Permian had purchased oil from Nutter in the value of $5,780.79 which Permian has never paid and praying for judgment against Permian for the full value of the oil purchased together with interest. Permian filed its answer denying the allegation of the complaint on December 4, 1985.

The Cascade County District Court was informed and took judicial notice of an action pending in the District Court

- 1 -

for the Ninth Judicial District, Toole County, entitled Somont Oil Company, Inc. v. John Kiehl Nutter and Peggy Faye Nutter, Cause No. 12680 in that court. The proceeds from the sale of crude oil, which Nutter sought in the Cascade County action, were the subject of the proceedings, in addition to other matters, pending in the Toole County District Court action.

In the Cascade County action, Permian moved to consolidate the Cascade County action with the Toole County District Court action. Nutter on the other hand moved the Cascade County District Court for summary judgment in his favor in the Cascade County action, and for sanctions against Permian for denying discovery.

In addition, Somont Oil Company, the plaintiff in the Toole County District Court action, moved in the Cascade County District Court action, pursuant to Rule 24(a), M.R.Civ.P., for leave to intervene as a plaintiff so that it could assert its claim for the proceeds against the defendant Permian Corporation.

On the Nutter motion for summary judgment, the District Court in the Cascade County action determined that there were genuine issues of material fact still to be decided because the District Court could not determine that Nutter owned the oil purchased by Permian, nor that Nutter had the right to sell the oil to Permian or anyone else and that the evidence was insufficient for summary judgment.

The District Court also noted that the resolution of litigation pending between Somont Oil and Nutter in the Toole County District Court action would determine the respective rights of the parties, especially the right to the proceeds

of the oil sale, which was the subject of the Cascade County District Court action.

The Cascade County District Court further determined that the District Court in Toole County was "uniquely equipped to determine the subject matter of the litigation pending before this Court, i.e., the entitlement, if any, of Plaintiff, John Kiehl Nutter, to the oil sales proceeds held by the Permian Corporation." Moreover the Toole County District Court had personal jurisdiction over all of the parties and the venue was proper since the producing lands were situated in Toole County.

Therefore the Cascade County District Court, on June 6, 1986 denied Nutter's motion for summary judgment, denied sanctions as having no merit, abstained from the exercise of further jurisdiction over the suit brought by Nutter against Permian in the Cascade County District Court, and ordered the transfer of the cause to the District Court for Toole County. Nutter appeals from that order.

The order of the District Court is correct. Genuine issues of material fact exist which render a summary judgment at this stage in favor of Nutter improper. There is no appeal from a denial of summary judgment.

An order changing the place of trial is appealable. Rule 1(b), M.R.App.Civ.P. However in this case it is plain from the record that a change of venue is required as provided in § 25-2-201(3), MCA. A court or judge must change the place of trial "when the convenience of witnesses and the ends of justice would be promoted by the change."

It is clear in this case that the subject matter of the pending action in Toole County incorporates the subject matter of the action brought by Nutter in Cascade County.

The possibility of conflicting results, multiple actions, and duplicate trials meets the statutory qualification of § 25-2-201(3), MCA, for the convenience of witnesses and the promotion of the ends of justice.

Moreover, appellant in this case has filed no brief or transcript related to these proceedings, and nothing in the record tells us we should reverse the order denying sanctions against Permian in the Cascade County District Court cause.

Permian has moved for an order dismissing the appeal and on the grounds stated foregoing, we determine that dismissing the appeal is proper. Nutter's rights may be fully preserved in the Toole County District Court action.

ACCORDINGLY, IT IS HEREBY ORDERED that the above entitled appeal be and the same is hereby dismissed.

DATED this _13_ day of November, 1986.

_____
Chief Justice

_____

_____

_____
John C. Sheehy

_____
L.C. Gulbrandson

_____
William E. Hunt
Justices

- 4 -