No. 92-346

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

CHARLES SCHAUBEL and EVA SCHAUBEL,

Plaintiffs and Appellants,

-vs-

ENOCH IVERSEN and OLIVIA IVERSEN,

Defendants and Respondents.

APPEAL FROM:  District Court of the Seventh Judicial District,
In and for the County of Richland,
The Honorable Richard G. Phillips, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

J. Douglas Alexander; Attorney at Law, Sidney,
Montana
Robert L. Johnson, Attorney at Law, Lewistown,
Montana

For Respondents:

Geoffrey R. Keller; Matovich, Addy & Keller,
Billings, Montana

Submitted on Briefs: December 17, 1992

Decided: March 2, 1993

Filed:

FILED

MAR 2 1993

CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the Seventh Judicial District, Richland County, the Honorable Richard G. Phillips presiding. Appellants Charles and Eva Schaubel (the Schaubels) appeal from a directed verdict and denial of their motion for a new trial. We affirm.

The Schaubels raise only the issue of whether the District Court erred in applying § 85-7-2212, MCA, in granting its directed verdict. However, because the Schaubels failed to specify as error and address an independent ground on which the District Court granted the directed verdict, we need not address this issue.

The Schaubels sued Enoch and Olivia Iversen (the Iversens) on the theory that they were negligent regarding the overflow of a drainage ditch that runs approximately twenty-five to fifty feet from the Schaubels' residence and on the theory that they were operating a nuisance. According to the pre-trial order, whether the Iversens were negligent, and whether their negligence, if any, was the proximate cause of the Schaubels' damage was to be determined at trial. Also to be determined as an issue of law was whether § 85-7-2212(2), MCA, barred the Schaubels' claim. That section reads:

> **85-7-2212. Irrigation ditches - nonliabilities.** An irrigation district or private person or entity owning or operating irrigation ditches is not liable for:
> . . .
> (2) personal injury or property damage occurring on another's land and caused by water seepage that existed or began before the injured person first arrived on or obtained an interest in the land or before the damaged property was first placed on the land, if the seepage does not carry toxic chemicals onto the land;
> . . .

2

At the close of the Schaubels' case-in-chief the Iversens moved for a directed verdict. After lengthy discussion in chambers, the District Court granted this motion based on two reasons. The first reason was the defense provided by § 85-7-2212(2), MCA. The second reason was the Schaubels' failure to establish a duty or breach of any duty by the Iversens or to show that the Iversens' irrigation practices were different than would have been practiced by a reasonable person. The second reason amounts to failure to establish a prima facie case of negligence.

The Schaubels raised only the application of § 85-2-2212(2), MCA, in their motion for a new trial, which the court denied after briefing and oral argument. They raised only that issue on appeal also. However, as the Iversens correctly point out in their brief to this Court, that was not the only basis on which the District Court granted their motion for a directed verdict.

The issue of whether the District Court erred in determining that the Schaubels had failed to establish a prima facie case of negligence is not properly before this Court, as Rule 4(c), M.R.App.P., requires that the notice of appeal "designate the judgment, order or part thereof appealed from." State v. Delap (1989), 237 Mont. 346, 351, 772 P.2d 1268, 1271. Furthermore, because the Schaubels did not raise the issue or argue it in their brief, the issue is deemed waived and we need not address it. Teesdale v. Anschutz Drilling Co. (1960), 138 Mont. 427, 431, 357 P.2d 4, 7; Hagerty v. Hall (1959), 135 Mont. 276, 283, 340 P.2d 147, 151; See also Nutter v. Permian Corp. (1986), 224 Mont. 72,

3

727 P.2d 1338 (order denying sanctions would not be reversed where appellant filed no brief or transcript with this Court). "This Court will not endeavor to review a matter when appellant has directed no argument toward it." Sands v. Nestegard (1982), 198 Mont. 421, 428, 646 P.2d 1189, 1193.

The Schaubels argue in their reply brief that the District Court did not specifically determine that they had failed to establish a prima facie case; rather, the court's second enumerated reason also referred to § 85-7-2212, MCA, and not to another issue. The District Court specifically stated:

> The other [reason for granting the motion for directed verdict] is I fail to find any evidence of any standard to establish the duty or any evidence of a breach of that duty to show that the irrigation practices were improper. There has been no evidence presented that the irrigation as practiced by the Iversens was not as would have [been] done by a reasonable person.

Contrary to the Schaubels' argument, this statement is not unclear or ambivalent. It speaks directly to their failure to establish a prima facie case of negligence. There is no doubt that the court was speaking to this issue when its statement is viewed in light of the following:

1. The Schaubels sued on the theory of negligent irrigation practices;

2. The Iversens' answer denied negligence and affirmatively pled lack of proximate cause and contributory negligence;

3. The Iversens raised the issue of proximate cause in their motion for summary judgment and the Schaubels responded to that issue;

4. The Iversens raised the issues of proximate cause and comparative negligence in their trial brief and the Schaubels squarely addressed negligence in their trial

4

brief;

5. The pretrial order specifically raised the issue of negligence as a matter to be decided at trial; and

6. The Iversens stated that their motion for a directed verdict was based on the arguments set forth in their trial brief and motion for summary judgment and specifically cited the Schaubels' failure to establish proximate cause.

The record shows that negligence and whether the Schaubels could establish the elements were overriding issues in this case. Furthermore, a small sample of the arguments found in the transcript of the hearing on the motion for a directed verdict reveals that the argument focused mainly on the negligence issue and that the Schaubels' counsel clearly addressed that issue.

> MR. JOHNSON: [Schaubels' counsel] . . . we have certainly established control on the part of the plaintiffs -- excuse me, the defendants, and we've certainly established causation. As a matter of fact, we've established something a good deal more than negligence.
>
> . . .
>
> MR. KELLER: [Iversens' counsel] . . . There has been no proximate cause established between the 38.5-acre drainage and the building up of the silt as a proximate cause, a "but for" example, in the ditch that backed up the water. . . . What there has been is testimony, uncontroverted, that the Bureau of Reclamation or the Board of Control has the duty of maintaining that drainage ditch. . . . There's been no evidence presented that there was any foreseeable consequence as a result of any actions. So I think that the proximate cause link is necessary for a finding of negligence. It is totally absent and something that warrants a granting of the motion for directed verdict.
>
> . . .
>
> THE COURT: . . . I have absolutely no evidence that any of the practices of Iversens are negligent in their farming operation. I have no evidence that they used too much water. I have no evidence that the silt is not other than normal.

. . .

THE COURT: I don't have any evidence that they have violated any standard of proper farming in terms of their operation in the irrigation that they've done.

. . .

MR. JOHNSON: . . . Now, surely it's for the jury to determine whether or not a failure to alleviate that problem with knowledge of it is negligence.

We need not belabor the point any longer. The Schaubels' failure to allege error in this independent, sufficient, clearly articulated ground for granting the Iversens' motion for a directed verdict constitutes a waiver of that claim. As this is an independent ground on which the directed verdict can stand, we affirm the District Court's grant of the directed verdict and denial of the motion for a new trial.

Affirmed.

John Conway Harrison
_____
Justice

We concur:

Karla M. Gray
_____

_____

R.C. McDonough
_____

_____
Justices

6

March 2, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

J. Douglas Alexander
ALEXANDER LAW FIRM, P.C.
P.O. Box 1270
Sidney, MT 59270

Robert L. Johnson
Attorney at Law
Suite 507 Montana Building
Lewistown, Montana 59457

Geoffrey R. Keller
MATOVICH, ADDY & KELLER, P.C.
225 Petroleum Building
2812 First Ave. North
Billings, MT 59101

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy