NO. 94-265

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

EVELYN KELMAN,

      Plaintiff and Appellant,

    v.

RICHARD LOSLEBEN,

      Defendant and Respondent.

**FILED**

MAY 12 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Curtis G. Thompson, Thompson & Jacobsen,
          Great Falls, Montana

          Steven T. Potts, Jardine, Stephenson,
          Blewett & Weaver, Great Falls, Montana

      For Respondent:

          Maxon R. Davis and Paul E. Haffeman,
          Cure, Borer & Davis, Great Falls, Montana

Submitted on Briefs: February 28, 1995

Decided: May 12, 1995

Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Evelyn Kelman appeals from an order of the Eighth Judicial District court, Cascade county , granting respondent Richard Losleben's motion to dismiss.

We reverse and remand for further proceedings in accordance with this opinion.

The dispositive issue on appeal is:

Did the District Court err in granting respondent's motion to dismiss?

Appellant applied to the Montana Department of Justice, Gambling Control Division, for a gambling operator's license in connection with her contractual interest in two Great Falls casinos. The Department of Justice assigned respondent to investigate and report on appellant's application. In August 1993, respondent submitted a 37 page "Offense Report," recommending that the Department of Justice deny appellant's application. In addition, respondent recommended that the State prosecute appellant and others listed in his report for alleged criminal violations.

On September 24, 1993, appellant filed suit against respondent alleging invasion of privacy, injurious falsehood, wrongful use of civil proceeding, tortious interference with contract, and actual fraud. Respondent filed a motion to dismiss under Rule 12(b) (6), M.R.Civ.P., claiming prosecutorial immunity, and a motion for a protective order from discovery. Appellant filed a motion to compel discovery.

On April 15, 1994, both parties appeared and argued their motions before the District Court. On April 25, 1994, the District Court issued its order granting respondent's motion to dismiss. The District Court concluded that the parties' discovery motions were rendered moot by its grant of respondent's motion to dismiss. It is from the District Court's order that appellant appeals.

Did the District Court err in granting respondent's motion to dismiss?

The District Court granted respondent's motion to dismiss after concluding that respondent was a government official entitled to absolute prosecutorial immunity. The District Court reasoned that "whether [appellant's] complaint is unfounded or not is irrelevant, because a government official entitled to prosecutorial immunity is absolutely immune from suit, regardless of the merits of the **claim** involved."

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff and take the allegations of the complaint as true." Goodman Realty, Inc. v. Monson (Mont. 1994), 883 P.2d 121, 123, 51 St. Rep. 1074, 1075; King v. State (1993), 259 Mont. 393, 395, 856 P.2d 954, 955. Our scope of review is broad and we examine the entire case and make a determination in accordance with our findings. Goodman, **883** P.2d at 123; King, **856** P.2d at 955. We will affirm the dismissal only if we find that the plaintiff is not entitled to relief under any

set of facts which could be proved in support of the claim. <u>Goodman,</u> 883 P.2d at 123; <u>King,</u> 856 P.2d at 955.

Appellant argues that the District Court erred by granting prosecutorial **immunity** to respondent. Appellant asserts that prosecutorial immunity should not shield respondent, who was performing an administrative function while investigating appellant's application for a gambling license.

Respondent is a Department of Justice investigator who acts as an agent of the Attorney General "to conduct criminal investigations and perform related duties" pursuant to § 44-2-111, MCA. The doctrine of prosecutorial immunity is not limited to persons who hold the title of "prosecutor." It extends to persons involved in prosecutorial or quasi-prosecutorial functions. State ex rel. Dept. of Justice v. District Court (1977), 172 Mont. 88, 560 P.2d 1328. The District Court determined that the critical question was whether respondent was acting within his authority as a Department of Justice employee to be directly involved with the prosecution of a gambling violation when he issued an "Offense Report" recommending criminal prosecution of appellant, thereby entitling him to absolute prosecutorial immunity. The District Court concluded that respondent's conduct qualified for prosecutorial immunity because the "Offense Report" was "more or less connected to his responsibility to conduct criminal investigations and perform related duties for the Department of Justice." In addition, the District Court concluded that the

issuance of the "Offense Report" was "intimately associated with the judicial phase of the criminal process since the report contains a recommendation that criminal prosecution should occur." We disagree.

When determining whether a defendant is entitled to prosecutorial immunity, we focus on whether the alleged wrongful conduct occurred in the course of filing and maintaining criminal charges. Smith v. Butte-Silver Bow County (1994), 266 Mont. 1, 6, 878 P.2d 870, 873. Our functional approach to analyzing claims of prosecutorial immunity is similar to the approach taken by the United States Supreme Court. In Imbler v. Pachtman (1976), 424 U.S. 409, 422-23, 96 S. ct. 984, 991, 47 L. Ed. 2d 128, 139, the Supreme Court held that a prosecutor was immune from civil liability when initiating a prosecution and presenting the state's case. The Supreme Court reasoned that this conduct was "intimately associated with the judicial phase of the criminal process" and should not be hindered by the prospect of civil liability. However, a prosecutor engaged in administrative duties is not entitled to immunity from civil liability. Smith, 878 P.2d at 874.

A review of the statutes and administrative regulations that govern the authority of the Department of Justice to approve or reject an application for a gambling license demonstrates that as an investigator for the Department of Justice, respondent was performing an administrative function while investigating and reporting on appellant's application. Operating a casino in

Montana requires a valid license issued by the Department of Justice, Gambling Control Division. Section 23.16.102(1), ARM. An application for a gambling license must be submitted to the Department of Justice. Section 23.16.102(2), ARM. Upon receipt of an application for a gambling license, the Department of Justice must make a thorough investigation as to the qualifications of the applicant. Section 23.16.104, ARM. If, after a thorough investigation, the applicant fails to qualify, the Department of Justice may deny the issuance of a license or it may take any action authorized in § 23-5-136, MCA. See § 23-5-176, MCA. The Department of Justice is authorized under § 23-5-177, MCA, to charge the applicant a fee to cover the administrative costs incurred in determining whether the applicant qualifies for a license.

While it may be within the scope of respondent's duties to conduct criminal investigations for the Department of Justice, in the present case respondent was assigned to the administrative task of investigating appellant's application as opposed to the prosecutorial function of filing and maintaining criminal charges against appellant. There is nothing in the record to demonstrate that at the time of the hearing on the motion to dismiss, respondent or the Department of Justice had filed or maintained criminal charges against appellant. We fail to see how respondent's investigation and recommendation were intimately involved in the judicial phase of the criminal process.

6

After reviewing the record and applying the relevant statutes and administrative regulations to the facts, we conclude that respondent **was** acting in an administrative capacity while investigating and reporting on appellant's application as an agent of the Department of Revenue, rather than in a prosecutorial capacity. As a result, respondent is not entitled to prosecutorial immunity.

By granting prosecutorial immunity to respondent, the District Court did not determine whether appellant had stated a claim upon which relief could be granted. Because respondent is not entitled to prosecutorial immunity, we hold that the District Court erred in granting respondent's motion to dismiss.

On March 27, 1995, respondent filed a motion to strike appellant's reply brief. We allowed appellant to reply, and on April 11, 1995, appellant filed her response. After considering respondent's motion in the course of this appeal, we conclude that the issues respondent raised did not affect the outcome of this appeal.

We reverse and remand for further proceedings in accordance with this opinion.

_William E Hunt Sr_
Justice

We concur:

_____

_____

_____
Justices

Justice Fred J. Weber specially concurs as follows:

Based upon the record which is before us, I do join in the result of the opinion.

However, the opinion specifically states that while it may be within respondent's duty to conduct criminal investigations for the Department of Justice, in the present case he was assigned to the administrative task of investigating the application as opposed to the prosecutorial function of filing and maintaining criminal charges. Because there is nothing in the record to demonstrate that the Department of Justice had filed and maintained criminal charges, the opinion concludes that there is nothing to suggest that the respondent's investigation was intimately involved in the judicial phase of the criminal process.

The opinion next concludes that the respondent was acting in an administrative capacity while investigating the application for the license and is therefore not entitled to prosecutorial immunity. As I have suggested, I agree with that conclusion based upon the present record.

However, if the record before us demonstrated that based upon the report given, the Department of Justice had proceeded with a criminal investigation and spent time and effort to determine whether or not criminal charges were appropriate, I would then believe it appropriate to grant immunity even though no charges were filed.

_____
Justice

9