No. DA 06-0388

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 130

YELLOWSTONE COUNTY, JAMES RENO
and DWIGHT VIGNESS,

   Petitioners and Respondents,

 v.

ROBERTA DREW,

   Respondent and Appellant,

  and

MONTANA HUMAN RIGHTS COMMISSION,

   Respondent.

APPEAL FROM:  The District Court of the Thirteenth Judicial District,
       In and For the County of Yellowstone, Cause No. DV 2005-0512,
       Honorable David Cybulski, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

   Timothy C. Kelly, Kelly Law Office, Emigrant, Montana

   For Respondents Yellowstone County, James Reno and Dwight Vigness:

   Calvin J. Stacey, Stacey and Funyak, PC., Billings, Montana

   For Respondent Montana Human Rights Commission:

   Marieke Beck, Special Assistant Attorney General, Helena, Montana

Submitted on Briefs: December 13, 2006

Decided: June 5, 2007

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Following administrative proceedings and the ensuing Human Rights Commission (HRC) decision stemming from a claim by Roberta Drew that Yellowstone County and two county commissioners, James Reno and Dwight Vigness, had discriminated against her in a hiring decision, Drew appealed certain aspects of the decision of the HRC to the First Judicial District Court for Lewis and Clark County in Helena, Montana.  Shortly thereafter, Yellowstone County and the two Commissioners appealed other aspects of the HRC decision to the Thirteenth Judicial District Court for Yellowstone County, Montana. The Thirteenth Judicial District Court ordered that the two appeals be consolidated and presided over by the First Judicial District Court in Lewis and Clark County.  Drew appeals.  We vacate and remand.

## ISSUE

¶2     A restatement of the issue on appeal is whether the Thirteenth Judicial District Court, Yellowstone County, erred in ordering consolidation in Lewis and Clark County of Petitions for Judicial Appeal filed there and in Yellowstone County.

## FACTUAL AND PROCEDURAL BACKGROUND

*Administrative Proceedings*

¶3     In November 2002 when Roberta Drew was the chief deputy public defender for Yellowstone Country in Billings, Montana, Drew applied for the vacant position of interim chief public defender for the County.  Subsequently a male was selected to fill the position.  In December 2002 Drew filed a Charge of Discrimination with the State of Montana Department of Labor and Industry (DOLI) alleging that Yellowstone County

3

and two county commissioners, James Reno and Dwight Vigness (hereinafter collectively referred to as Yellowstone County or the County), had unlawfully discriminated against her. She maintained in her Petition that the County had denied her an equal employment opportunity based on her gender and political ideas. In July 2003 DOLI notified Drew that her charges would proceed to a contested case hearing. The parties stipulated to extended departmental jurisdiction.

¶4      The contested case hearing was held over several days between February and May 2004. On November 5, 2004, DOLI issued its Final Agency Decision in which it found in favor of Drew on some issues and in favor of the County on others. The County appealed and Drew cross-appealed DOLI's ruling to the Montana Human Rights Commission (HRC or the Commission), a quasi-judicial board responsible for hearing appeals of final agency decisions by DOLI. On April 18, 2005, the Commission affirmed DOLI's final decision.

¶5      On April 20, 2005, Drew filed a Petition for Judicial Review in the First Judicial District Court for Lewis and Clark County in Helena, Montana. Thereafter, on May 10, 2005, Yellowstone County filed a Petition for Judicial Review in the Thirteenth Judicial District Court for Yellowstone County. In an effort to minimize the confusion occasioned by the dual pendency of proceedings in two different counties, we recount below by county—rather than by overall chronology—the proceedings which took place in the district courts.

*Proceedings in First Judicial District Court, Lewis and Clark County*

4

¶6 In addition to filing its petition for review with the Thirteenth Judicial District Court on May 10, 2005, Yellowstone County also filed a response to Drew's Petition for Judicial Review in Lewis and Clark County. It denied the allegations contained in Drew's Petition and requested a scheduling conference for briefing deadlines and an oral argument date. In the meantime, Drew had filed a motion in Yellowstone County to change venue of the County's Yellowstone County proceedings to Lewis and Clark County. On September 21, 2005, the First Judicial District Court acknowledged the change of venue motion pending in Yellowstone County and ordered a scheduling conference for December 5, 2005.

¶7 On May 4, 2006,[1] the First Judicial District Court for Lewis and Clark County issued its Order on Drew's Petition for Judicial Review. The Lewis and Clark District Court noted that Drew did not challenge HRC's factual findings but raised two legal issues only: (1) whether she was entitled to fees and costs for a specific segment of the administrative proceedings; and (2) whether the hearing examiner erred by failing to issue a statutorily-required injunction against the individual commissioners Reno and Vigness. The Lewis and Clark court remanded the issue of attorney fees and costs to the hearing officer for further proceedings with instructions to develop appropriate factual findings and legal conclusions. The court also granted Drew's request for a modification of the final HRC Order by amending the Order to include a statutory injunction against

---

[1] As indicated below, while the Thirteenth Judicial District Court issued its consolidation order in February 2006, the First Judicial District Court did not reference in its May 2006 Order the consolidation order or the facts and issues presented in the Thirteenth Judicial District Court proceedings.

5

Reno and Vigness. On May 31, 2006, Yellowstone County appealed the Lewis and Clark District Court Order to this Court. In July 2006 we dismissed the appeal without prejudice stating that it was premature because the matter had been remanded to the hearing officer. We note that with the exception of Drew's Petition, the County's request for a scheduling hearing, and the court's order, the record of the First Judicial District Court proceeding is not before us; therefore, we make no determinations based on the contents of that record or the arguments presented in the documents therein.

*Proceedings in Thirteenth Judicial District Court, Yellowstone County*

¶8    On May 10, 2005, in addition to responding to Drew's Lewis and Clark District Court petition for review of HRC order, the County filed a Petition for Judicial Review of the same HRC order in the Thirteenth Judicial District Court for Yellowstone County in Billings. On May 14, 2005, Drew moved the Yellowstone County District Court for an order changing the venue of the County's appeal to Lewis and Clark County. In the alternative, she sought dismissal of the County's petition for review in the Thirteenth Judicial District Court. The County opposed Drew's motion. Neither party asked the Yellowstone County District Court to consolidate the two separate appeals; however, the District Court *sua sponte* requested that the parties brief the issue of consolidation. The County complied and argued that consolidation was inappropriate because it was presenting different issues on appeal than did Drew in her First Judicial District Court appeal. Drew respectfully declined to brief the consolidation issue and instead requested a ruling on her motion for a change of venue.

¶9 In February 2006 the Thirteenth Judicial District Court consolidated both appeals and held that because the first petition in time was filed by Drew in Helena, the consolidated cases would go forward in the First Judicial District Court. In early April 2006 Drew filed a timely appeal to this Court on the ground that the Thirteenth Judicial District Court erred in failing to rule on her motion for a change of venue or for dismissal.

¶10 We vacate the Thirteenth Judicial District Court's order and remand the matter with instructions to the Thirteenth Judicial District Court to grant Drew's motion for a change of venue of the County's appeal to the First Judicial District Court.

## STANDARD OF REVIEW

¶11 In the case before us, the Thirteenth Judicial District Court interpreted and applied M. R. Civ. P. 42(a) (Rule 42(a)) providing for consolidation of actions. We review a district court's interpretation and application of a procedural rule de novo. *State v. Mizenko*, 2006 MT 11, ¶ 8, 330 Mont. 299, ¶ 8, 127 P.3d 458, ¶ 8 (citation omitted).

## DISCUSSION

¶12 As noted above, Drew filed a charge of discrimination with DOLI against Yellowstone County, Reno and Vigness. Upon issuance of DOLI's ruling, the County sought review by the Human Rights Commission. Drew also appealed the agency ruling, seeking modification of certain conclusions of law. When HRC affirmed DOLI's ruling, Drew immediately sought review by the Lewis and Clark County District Court, challenging those legal rulings which she had sought unsuccessfully to modify. The County sought a review of its own in Yellowstone County, challenging all factual

7

findings and legal conclusions that were adverse to it and favorable to Drew, including the award of damages to Drew and the agency's imposition of injunctive relief against Yellowstone County.

¶13 Review of administrative decisions is authorized under the Montana Administrative Procedure Act (MAPA). Under § 2-4-702(2)(a), MCA, a party seeking review of an administrative decision must file his or her petition within 30 days after the agency's written decision is rendered and must file it in the district court for the county where the petitioner resides or has his or her principal place of business, or where the relevant agency maintains its principal office. Because Drew chose to designate HRC as a respondent in her case on appeal rather than just Yellowstone County, she had her choice of two venues under § 2-4-702(2)(a), MCA—Yellowstone County where she resides, or Lewis and Clark County where HRC maintains its principal office. Drew chose Lewis and Clark County and timely filed her petition for review on April 20, 2005. Subsequently, the County also sought review of HRC's ruling by filing a timely Petition for Judicial Review in the Yellowstone County District Court. The County acknowledged that Lewis and Clark County was a proper venue for Drew's Petition but argued that its Petition justified a separate appeal in a proper district court of its choice because it presented different issues from those presented in Drew's Petition. The Yellowstone County District Court disagreed and consolidated the appeals in Lewis and Clark County.

¶14 Consolidation of cases is governed by Rule 42(a), which provides that when actions involving a common question of law or fact are pending before the court, the

8

court "may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."  While we have had numerous occasions to address Rule 42(a) consolidations, we have never addressed the consolidation of cases filed in *separate* district courts but involving the same parties, the same facts, and the same underlying administrative ruling on appeal.  Therefore, we must determine whether Rule 42(a) contemplates consolidation of cases pending in separate district courts.  Lacking Montana precedent and recognizing that our Rule 42 is identical to Federal Rule 42, we look to federal case law for guidance.  *Hafner v. Conoco, Inc*., 268 Mont. 396, 402, 886 P.2d 947, 950-51 (citation omitted).

¶15    In *Swindell-Dressler Corporation v. Dumbauld,* 308 F.2d 267 (3rd Cir. 1962), the court stated, "[a]nd finally, we are of the view that a cause of action pending in one jurisdiction cannot be consolidated with a cause of action pending in another jurisdiction. Rule 42(a), Fed.R.Civ.Proc., 28 U.S.C., will not permit such a course.  The cases to be consolidated must be 'pending before the court.'"  *Swindell-Dressler*, 308 F.2d at 273. This position is widely held by other federal courts as well.  *See Oregon Egg Producers v. Andrews,* 458 F.2d 382 (9th Cir. 1972); *National Equipment Rental, Ltd. v. Fowler,* 287 F.2d 43, 47 (2d Cir. 1961); *Town of Warwick v. New Jersey Dept of Environmental*, 647 F. Supp. 1322, 1324-25 (S.D.N.Y. 1986); *Silver v. Goodman,* 234 F. Supp. 415, 416 (D. Conn. 1964); and *Figg and Muller Engineers, Inc. v. Petruska,* 477 N.E. 2d 968, 970 (Ind. App. 1985).

9

¶16 The Washington Supreme Court was also faced for the first time with the question of whether a "superior court may consolidate cases pending in different counties" under its consolidation rule. *American Mobile Homes v. Seattle-First*, 796 P.2d 1276 (Wash. 1990). It noted that its rule, Washington Court Rule 42(a) (CR 42(a)), was identical to the federal rule. The Washington court thus explained:

> [CR 42(a)] provides the procedure for consolidation of cases "pending before the court." Only if the various counties' superior courts are viewed as a single superior court of the State of Washington would cases pending in superior courts of different counties be "pending before *the* court," thus authorizing consolidation under CR 42(a). . . . Under the language of the constitution and the statutes, there is no single superior court. Actions pending before the superior courts of different counties are not "pending before *the* court." (Emphasis in original).

*American Mobile Homes*, 796 P.2d at 1279. We find the logic of these cases persuasive. Therefore, we conclude that the Thirteenth Judicial District Court was not authorized to consolidate the County's Petition for Judicial Review filed in Yellowstone County with Drew's Petition for Judicial Review filed in Lewis and Clark County. We therefore vacate the District Court's consolidation order.

¶17 Having vacated the court's consolidation order, we turn now to the motion Drew filed before the Yellowstone County District Court, requesting a change of venue or dismissal. First, we must decline to address Drew's argument that dismissal of the Yellowstone County proceedings was appropriate based on the County's failure to file a compulsory counterclaim under M. R. Civ. P. 13(a) (Rule 13(a)) in the Lewis and Clark District Court. As noted above, the record of Drew's appeal before the First Judicial District Court, Lewis and Clark County, is not before us and therefore we have no record

10

of what pleadings were or were not filed there. However, it is unnecessary to address Drew's dismissal argument because we resolve this matter on the change of venue issue.

¶18 Section 25-2-201, MCA, establishes when a change of venue is required. It provides:

> The court or judge must, on motion, change the place of trial in the following cases:
> (1) when the county designated in the complaint is not the proper county;
> (2) when there is reason to believe that an impartial trial cannot be had therein;
> (3) when the convenience of witnesses and the ends of justice would be promoted by the change.

¶19 We acknowledge the County's argument that the two appeals filed in the two district courts raise separate and distinct issues, but such is true in virtually every appeal and cross-appeal situation. We therefore conclude that the situation before us should be resolved in much the same way as an appeal and cross-appeal are handled in this Court— i.e., all matters should be addressed by one court and under one cause number, thus eliminating the prospect of conflicting rulings by two separate courts. Such an approach will serve "the ends of justice." As we noted in *Nutter v. Permian Corp.*, 224 Mont. 72, 727 P.2d 1338 (1986), a court must change venue under § 25-2-201(3), MCA, when separate cases create the "possibility of conflicting results, multiple actions and duplicate trials."

¶20 Given that the First Judicial District Court has reviewed the matter to the degree necessary to render a ruling on the two legal issues raised in Drew's Petition and has remanded one of the legal issues to the agency, it clearly is familiar with the case and is in a position to determine the merits of the issues raised by both parties once the remand

proceedings are concluded. Moreover, there is nothing in the record to indicate that Yellowstone County will be prejudiced by this change of venue. We fully recognize that the result achieved here is the same for all practical purposes as that achieved by a consolidation of the cases. Nonetheless, because the District Court was without authority to order the consolidation of two cases pending in separate courts, we deem it necessary to correct such error in lieu of affirming on a right result-wrong rationale basis.

## CONCLUSION

¶21 For the foregoing reasons and in the interests of judicial economy, we vacate the District Court's order of consolidation and remand the matter to the Thirteenth Judicial District Court with instructions to grant Drew's motion for a change of venue to the First Judicial District Court.


/S/ PATRICIA COTTER

We Concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE