

DA 13-0165

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2014 MT 64

PARK COUNTY STOCKGROWERS ASSOCIATION
INC., on behalf of its members,

       Petitioner,

MONTANA FARM BUREAU FEDERATION,

       Petitioner-Intervenor,

  v.

MONTANA DEPARTMENT OF LIVESTOCK,
an agency of the State of Montana; MONTANA
DEPARTMENT OF FISH, WILDLIFE, AND PARKS,
an agency of the State of Montana; STATE OF
MONTANA; DR. MARTIN ZALUSKI, in his
capacity as Montana State Veterinarian; and
BRIAN SCHWEITZER, as Governor of the
State of Montana,

       Respondents,

  and

BEAR CREEK COUNCIL, GREATER YELLOWSTONE
COALITION, and NATURAL RESOURCES DEFENSE COUNCIL,

       Respondents-Intervenors.

_____

PARK COUNTY,

       Petitioner and Appellant,

MONTANA FARM BUREAU FEDERATION,

       Petitioner-Intervenor,

  v.

THE STATE OF MONTANA, FISH, WILDLIFE
AND PARKS, an agency of the State of Montana;
and THE DEPARTMENT OF LIVESTOCK, an agency
of the State of Montana,

       Respondents and Appellees,

  and

BEAR CREEK COUNCIL, GREATER YELLOWSTONE
COALITION, and NATURAL RESOURCES DEFENSE
COUNCIL, WESTERN WATERSHEDS PROJECT and
BUFFALO FIELD CAMPAIGN,

       Respondents-Intervenors and Appellees.

_____

APPEAL FROM:    District Court of the Sixth Judicial District,
                In and For the County of Park, Cause Nos. DV 11-77 and DV 11-78
                Honorable E. Wayne Phillips, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

          Brett D. Linneweber, Park County Attorney, Livingston, Montana

      For Appellees:

          Timothy C. Fox, Montana Attorney General; Rob Stutz, Assistant
          Attorney General; Helena, Montana (for Department of Livestock)

          Rebecca Jakes Dockter, Special Assistant Attorney General; Helena,
          Montana (for Department of Fish, Wildlife and Parks)

          Andy Huff; Governor's Office; Helena, Montana (for State of Montana)

          Timothy J. Preso, Jennifer Harbine; Earthjustice; Bozeman, Montana
          (for Bear Creek Council)

          Ted Fellman; Attorney at Law; Arlee, Montana
          (for Buffalo Field Campaign)

Summer Nelson; Attorney at Law; Missoula, Montana
(for Western Watersheds Project)

Submitted on Briefs:  February 5, 2014
Decided:  March 11, 2014

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Petitioner-Appellant Park County appeals the findings of fact, conclusions of law, and order of the Montana Sixth Judicial District Court, dismissing the County's petition for declaratory judgment. There were several petitioners in the consolidated proceedings before the District Court, but Park County is the lone appellant. Although Park County raises just one issue on appeal, we do not reach the merits because we conclude that the County may not appeal an issue raised by another party in the consolidated proceedings when it did not raise that issue before the District Court.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Since 2000, the State of Montana has managed the seasonal migration of bison in and around Yellowstone National Park through the Interagency Bison Management Plan (IBMP). The IBMP was not designed as a static document; it allows for changes through Adaptive Management Adjustments (AMAs), which are promulgated by members of the IBMP. The Montana Departments of Fish, Wildlife & Parks (FWP) and Livestock, among others, are members of the IBMP.

¶3 In 2011, the IBMP partners proposed an AMA that expanded the area in the Gardiner basin where migrating bison would be managed and tolerated during certain times of the year. The decision to expand the territory in which bison were allowed to naturally migrate prompted various petitioners to bring suit to prevent its implementation.

¶4 A petition was filed by Park County Stockgrowers Association for declaratory and injunctive relief based on the AMA's failure to comply with the Montana Environmental Policy Act, Montana's constitutional right to a clean and healthful environment, and

4

various statutory obligations. The Stockgrowers Association's petition also raised a public nuisance claim. Several days later, Park County filed a separate petition, seeking a declaratory ruling that the implementation of the 2011 AMA was a public nuisance and requesting injunctive relief on that basis.

¶5 The District Court consolidated Park County's petition with the Stockgrowers Association's in an uncontested order on June 16, 2011. The court also granted the Montana Farm Bureau Federation's motion to intervene as a petitioner and Bear Creek Council, Greater Yellowstone Coalition, and Natural Resources Defense Council's motion to intervene as defendants in both cases. The court granted Western Watersheds Project and Buffalo Field Campaign's motion to intervene as defendants in both cases on August 9, 2011.

¶6 The Farm Bureau and the Stockgrowers Association filed a joint amended petition on April 2, 2012. The amended petition added a claim based on changes to § 87-1-216, MCA, made by Mont. Sen. 212, 62d Legis., Reg. Sess. (Jan. 21, 2011) (SB 212), which recently had been enacted by the Legislature and signed into law by the Governor. Park County did not join in the amended petition or amend its own petition to state a claim based on § 87-1-216, MCA.

¶7 The court held a hearing on the merits of all claims on August 14 through 17 and November 5, 2012. Park County raised only its public nuisance claim at the hearing.

¶8 The District Court entered extensive findings of fact and conclusions of law on January 7, 2013, rejecting all of the claims and dismissing all of the petitions. The court ruled in part that § 87-1-216, MCA, prohibited FWP from releasing, transplanting or

5

allowing wild bison on any private or public land, but did not apply to the release of naturally migrating bison from Yellowstone National Park. Park County filed a timely appeal. In its amended notice of appeal, Park County wrote that the Stockgrowers Association had filed a notice of appeal; this Court's record reflects, however, that the Stockgrowers Association never did appeal. Neither the Stockgrowers Association nor the Farm Bureau joined in Park County's appeal.

¶9 The only issue Park County raises on appeal is whether the District Court erred in its interpretation of § 87-1-216, MCA, as it applies to the State's management of wild bison in the Gardiner Basin. Although Park County relied exclusively on its nuisance claim at trial, Park County does not appeal the denial of its nuisance claim. Rather, it argues on appeal that the court violated recognized rules of statutory construction by considering the legislative history of § 87-1-216, MCA, without first conducting a plain language analysis. Although the Stockgrowers Association and Farm Bureau raised the issue in the consolidated case, Park County neither raised a claim based on § 87-1-216, MCA, in the proceedings before the District Court, nor adopted the arguments of the other petitioners.

## DISCUSSION

¶10 Invoking our longstanding rule that a party who fails to raise a claim in the district court is barred from raising the claim for the first time on appeal, the Appellees argue that Park County's failure to raise the plain language issue before the District Court should prevent the County from raising the issue on appeal. *Mysse v. Martens*, 279 Mont. 253, 267, 926 P.2d 765, 773 (1996). We have held, "[W]here a party fails to raise an issue in

6

the pleadings, does not present argument on the issue during the hearing on the merits of the case, does not move to amend the pleadings to conform to any evidence presented and raises the issue for the first time in a post-hearing memorandum which the district court does not address in its order, the issue has not been timely raised and may not be raised on appeal." *Nason v. Leistiko*, 1998 MT 217, ¶ 18, 290 Mont. 460, 963 P.2d 1279. We have not addressed, however, the question whether consolidation of separate actions allows a party who did not expressly adopt the position of another party in a consolidated case to appeal the issues raised only by that other party when the other party chooses not to appeal.

¶11    Consolidation is governed by M. R. Civ. P. 42(a), which provides:

> **(a)  Consolidation.**  If actions before the court involve a common question of law or fact, the court may:
> (1)  join for hearing or trial any or all matters at issue in the actions;
> (2)  consolidate the actions; or
> (3)  issue any other orders to avoid unnecessary cost or delay.

We have suggested that the purpose of consolidation under this rule is to "permit trial convenience and economy in administration by avoiding unnecessary costs or delay." *Means v. Mont. Power Co.*, 191 Mont. 395, 401, 625 P.2d 32, 36 (1981). Prior to adoption of the rule's federal counterpart, the U.S. Supreme Court observed that "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan R. Co.*, 289 U.S. 479, 496-97, 53 S. Ct. 721, 727-28 (1933).

7

¶12    Since the enactment of Rule 42, federal courts repeatedly have cited *Johnson* to show that consolidation does not alter the distinct rights of various parties or make a party to one suit a party to the other. *Geddes v. United Fin. Group*, 559 F.2d 557, 561 (9th Cir. 1977); *Greenberg v. Giannini*, 140 F.2d 550, 552 (2d Cir. 1944); *see generally* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, vol. 9A, § 2382 at 10-13 (3d ed., West 2008). The Ninth Circuit has noted, "[T]he law is clear that an act of consolidation does not affect any of the substantive rights of the parties." *J. G. Link & Co. v. Contl. Cas. Co.*, 470 F.2d 1133, 1138 (9th Cir. 1972). Construing a similar state rule of procedure, and relying on *Johnson*, the court in *Knowlton v. Ward*, 889 S.W.2d 721, 728 (Ark. 1994), held that consolidation for trial purposes did not allow a party "to raise on appeal an issue that she did not present at trial." The court noted that "Knowlton was not a party to the [consolidated] UCAC lawsuit and did not join in UCAC's motion for summary judgment[.]" *Knowlton*, 889 S.W.2d at 728.

¶13    Montana's Rule 42(a) is identical to the corresponding federal rule. We have looked to the federal courts for guidance in our interpretation of our own Rule 42 in the past. *Yellowstone Co. v. Drew*, 2007 MT 130, ¶ 14, 337 Mont. 346, 160 P.3d 557. Viewed together with our previous pronouncement that consolidation is for the convenience and economy in administration of the district court, we find persuasive the federal precedent on this issue. The consolidation of two distinct actions does not change the rules of pleading or the rights of the parties. The parties' rights still turn on the pleadings, proof, and proceedings in their respective causes. Park County never amended its complaint to include a claim involving § 87-1-216, MCA. Park County did not join in

8

the Stockgrowers Association's original petition or in the amended petition filed by the Stockgrowers Association and the Farm Bureau after consolidation.

¶14     Without any citation to the record, Park County argues that it presented argument on the issue it now raises during the hearing and that it raised the issue prior to the post-trial briefing.  During its opening statements at the hearing, however, Park County stated, "Our claim is public nuisance."  It proceeded to argue for relief based only on its public nuisance claim.  Park County argues that it raised the issue when it worked with other petitioners to draft proposed findings and conclusions for the District Court.  The parties' collaboration in drafting the order at the court's direction, however, does not allow Park County to overcome its failure to plead, brief, argue or admit any evidence regarding the issue it now seeks to appeal.

¶15     Park County posits that the "first determination here is whether a consolidated matter entitles each party to adopt the positions of fellow party members."  This misstates the issue here, which is not whether Park County could have adopted another petitioner's arguments, but instead—in light of the fact that Park County never actually adopted a fellow party's argument—whether Park County may appeal an issue it did not raise before the District Court.  We hold that it may not.

¶16     Finally, Park County warns that our decision will have a "chilling effect" that will unfairly obstruct parties in consolidated cases from proper review of potential errors, citing *In re Matter of B.B.*, 2001 MT 285, 307 Mont. 397, 37 P.3d 715.  The cited case did not involve consolidation and does not support Park County's position.  Park County could have amended its pleadings to incorporate the arguments raised in the consolidated

case or joined in the motions of the other petitioners before the District Court. Our decision will not prevent parties from appealing issues that they properly presented to the district court.

## CONCLUSION

¶17 Consolidation does not permit Park County to appeal an issue raised in a separate case by another party. As no other exception is taken to the District Court's judgment by any party to the proceedings, the judgment is affirmed.


/S/ BETH BAKER


We concur:


/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JIM RICE