FILED

12/10/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0664

DA 23-0664

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 293N

WALTER JOEY OVERSTREET,

Plaintiff and Appellant,

v.

ERIC FETTERHOFF, in his official and
individual capacities, JOHN DOES 1-7,
MONTANA HIGHWAY PATROL, and
PARK COUNTY, MONTANA, a political
subdivision, BRUCE BECKER, individually,
and as Park County Attorney, SHANNAN
PICCOLO, individually, and as Deputy Park
County Attorney, STATE OF MONTANA,

Defendants and Appellees.

APPEAL FROM:     District Court of the Sixth Judicial District,
                 In and For the County of Park, Cause No. DV-2021-51
                 Honorable Brenda R. Gilbert, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Jami Rebsom, Jami Rebsom Law Firm, PLLC, Livingston, Montana

        For State Appellees:

                Liz Franklin, Agency Legal Services Bureau, Helena, Montana

        For County Appellees:

                Mitchell A. Young, County Litigation Group, Helena, Montana

Submitted on Briefs:  September 11, 2024

Decided:  December 10, 2024

Filed:

_____
Clerk

2

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Walter Joey Overstreet appeals the Sixth Judicial District Court's order dismissing his civil tort claims against a state highway patrol officer, two county prosecutors, and the State of Montana (Defendants).[1] We affirm.

¶3 For the purpose of reviewing the District Court's order granting a motion to dismiss, we assume the following facts as true from the allegations in Overstreet's second amended complaint. Overstreet and five others were in a car crash in Park County, Montana. One person died. Montana Highway Patrol Officer Fetterhoff responded to the crash as the primary investigator on scene and conducted additional investigation throughout the case. The State charged Overstreet with negligent vehicular homicide and five counts of negligent vehicular assault. Overstreet claimed he was not driving. The State tried him two times. Both trials resulted in hung juries. The first trial occurred August 7–9, 2017, and the second trial occurred March 13–15, 2018.

---

[1] Overstreet named various other Defendants in the caption heading. Barbara Watson and Watson Crash Reconstruction, LLC, are no longer a party to the proceedings. The District Court denied Overstreet's motion to amend the complaint a third time to name Kendra Lassiter (the Park County Attorney who filed the charges a third time) as a defendant.

¶4     At the second trial, a crash reconstruction expert hired by the prosecution testified that she found a long, dark brown hair on the driver's side door. Officer Fetterhoff admitted he also saw the hair. Overstreet did not have long brown hair at the time of the crash. The Park County Attorney's office never provided any evidence of the hair to Overstreet or his counsel. After the second trial, the State informed Overstreet that it would not try the case again and requested his permission to destroy the truck. Under the direction of a new County Attorney, the State then charged Overstreet for a third time. The Park County District Court held a hearing on Overstreet's motion to dismiss the criminal case on March 11, 2020. Fetterhoff testified that he collected the hair, put it into an evidence bag, but then threw the hair away. It is unclear from the second amended complaint when this allegedly occurred. Fetterhoff testified that Park County Attorney Bruce Becker told him to throw the hair away. Becker does not recall this conversation and denies that he ever told anyone to throw evidence away. Overstreet alleged various other issues with discovery and evidence production by the prosecution. The District Court dismissed the criminal case.

¶5     On March 29, 2021, Overstreet then filed this civil suit, seeking damages for the unsuccessful criminal prosecution. After various motions and amended complaints not relevant to this appeal, Overstreet's second amended complaint (filed January 30, 2023) named Officer Fetterhoff, Park County Attorney Bruce Becker, Deputy Park County Attorney Shannan Piccolo, Park County, and the Montana Highway Patrol, and stated claims for negligence, negligent and intentional spoliation of evidence, malicious

prosecution, negligent and intentional infliction of emotional distress and actual malice. The District Court allowed Overstreet to name the State of Montana as a defendant. On motions by the State and County, the District Court dismissed the action. The court concluded that the State of Montana was the only proper defendant, prosecutorial immunity precluded many of Overstreet's claims, and each claim not so precluded failed either to present a cognizable legal theory or to present sufficient factual allegations. Overstreet appeals the dismissal of his complaint.

¶6      This Court reviews de novo a district court's dismissal under M. R. Civ. P. 12(b)(6). *In re Estate of Swanberg*, 2020 MT 153, ¶ 6, 400 Mont. 247, 465 P.3d 1165. "The Court takes all well-pleaded factual assertions as true in the light most favorable to the claimant." *Swanberg*, ¶ 6. The complaint is subject to dismissal if, assuming the facts as true, it "fails to state a cognizable legal theory for relief or states an otherwise valid legal claim but fails to state sufficient facts" which, if true, would entitle the claimant to relief. *Swanberg*, ¶ 6 (citing *Anderson v. ReconTrust Co.*, 2017 MT 313, ¶ 8, 390 Mont. 12, 407 P.3d 692).

¶7      First, we address the proper defendants in the case. Defendants allege that the State of Montana is the only properly named defendant, and that all individually named defendants are immune from liability under § 2-9-305, MCA. First, we agree that because Overstreet's complaint against Park County relates to the county attorney's role of criminal prosecution, the prosecutors acted on behalf of the State, as defined by § 7-4-2716, MCA, thus making the State of Montana—not Park County—the proper defendant. Second, § 2-9-305(5), MCA, "provides immunity from suit to individually[]named defendants for

5

actions performed within the course and scope of the official's employment." *Griffith v. Butte Sch. Dist. No. 1*, 2010 MT 246, ¶ 60, 358 Mont. 193, 244 P.3d 321; *accord Kenyon v. Stillwater Cty.*, 254 Mont. 142, 146, 835 P.2d 742, 745 (1992) (applying § 2-9-305(5), MCA, to find a county attorney immune from liability when acting within the scope of his authority) (overruled in part on other grounds by *Heiat v. E. Mont. Coll.*, 275 Mont. 322, 331, 912 P.2d 787, 793 (1996)). This protection applies "if the governmental entity acknowledges or is bound by a judicial determination that the conduct" underlying the claim "arises out of the course and scope of the employee's employment, unless" an exception under § 2-9-305(6), MCA, applies. Section 2-9-305(5), MCA.

¶8 Here, the State has acknowledged and asserted that Fetterhoff's, Becker's, and Piccolo's conduct fell within the course and scope of their employments, thus satisfying the requirements of § 2-9-305(5), MCA. In the District Court's order dismissing the claims, the court also analyzed the underlying conduct and concluded that it fell within the course and scope of the individuals' employment.

¶9 Overstreet does not rebut the applicability of § 2-9-305, MCA, or advance any reason why an exception under § 2-9-305(6), MCA, would apply. Instead, he alleges the District Court must take as true the complaint's allegations, which he claims demonstrate that the individuals engaged in actions outside the scope of their employment. A motion to dismiss requires the court take as true all *factual* allegations. It does not apply to legal conclusions. *Cowan v. Cowan*, 2004 MT 97, ¶ 14, 321 Mont. 13, 89 P.3d 6 ("Facts must be viewed in a light most favorable to the plaintiff, however, the court is under no duty to

6

take as true legal conclusions or allegations that have no factual basis."). Whether § 2-9-305(5), MCA, applies to shield the individual Defendants from liability is a legal conclusion that the District Court was not obligated to take as true. Because the State of Montana has affirmatively acknowledged that the conduct was within the scope of employment, the provisions of § 2-9-305(5), MCA are satisfied. *Gardiner-Park Cnty. Water & Sewer Dist. v. Knight*, 2024 MT 121, ¶ 22, 417 Mont. 1, 549 P.3d 1151 (Under § 2-9-305(5), MCA, "if the governmental entity acknowledges the actions in question were within the course and scope of the employee's employment, the employee is immune from suit."). We affirm the District Court's order dismissing the individual defendants and holding the State of Montana as the only proper defendant.

¶10 "Prosecutorial immunity is an established immunity against civil liability." *Renenger v. State*, 2018 MT 228, ¶ 9, 392 Mont. 495, 426 P.3d 559. "To determine whether a prosecutor, or county attorney, is entitled to immunity, courts look to the nature of the function performed." *Renenger*, ¶ 10 (citations and internal quotations omitted). "Filing and maintaining criminal charges are among the many duties of a prosecutor and when a prosecutor acts within the scope of these duties, that prosecutor is absolutely immune from civil liability, regardless of negligence or lack of probable cause." *Rosenthal v. Cnty. of Madison*, 2007 MT 277, ¶ 29, 339 Mont. 419, 170 P.3d 493. A prosecutor's immunity from suit extends to Montana counties and the State of Montana. *Renenger*, ¶ 9. Certain actions by prosecutors are not shielded by absolute immunity, however, such as engaging in administrative duties, *Smith v. Butte-Silver Bow Cnty.*, 266 Mont. 1, 8, 878 P.2d 870,

874 (abrogated on other grounds by *Citizens Awareness Network v. Mont. Bd. of Env't Rev.*, 2010 MT 10, ¶ 13 n.2, 355 Mont. 60, 227 P.3d 583); giving legal advice to police, *Burns v. Reed*, 500 U.S. 478, 496, 111 S. Ct. 1934, 1944-45 (1991); or conducting investigatory functions, *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S. Ct. 2606, 2615 (1993). Despite Overstreet's attempts to qualify Becker's and Piccolo's actions under these exceptions, all relevant actions he asserts in his second amended complaint relate to the filing of criminal charges, the alleged failure to diligently review evidence, the failure to produce allegedly exculpatory evidence, the weighing of the materiality of evidence, and the decision to re-file charges. These are core prosecutorial functions relating to the filing and maintaining of criminal charges. *Renenger*, ¶ 11 (prosecutorial immunity extends to acts undertaken by the attorney in preparation for initiating judicial proceedings, including evaluating evidence and determining whether evidence is sufficiently strong to justify a probable cause finding). The District Court correctly ruled that prosecutorial immunity bars any claims against the State from Becker's or Piccolo's actions.

¶11 Although Overstreet alleges that the State failed to turn over exculpatory evidence in violation of federal and state law, he raised these issues in his criminal case, and the District Court ultimately dismissed the case on due process grounds. *See State v. Williams*, 2018 MT 194, ¶ 18, 392 Mont. 285, 423 P.3d 596 (outlining the State's obligation to disclose evidence); *see also State v. Colvin*, 2016 MT 129, ¶¶ 13, 22, 383 Mont. 474, 372 P.3d 471 (remedies in a criminal case for lost evidence may include, among other options, dismissal if the defendant proves various factors, including that "suppression of

8

the evidence was prejudicial to the defense."). This does not mean Overstreet may sue the prosecutors for civil liability without showing that their actions fall outside the scope of prosecutorial immunity. *See Obert v. State*, 2024 MT 270, ¶ 51, 419 Mont. 1, ___ P.3d ___ (reasoning that even when prosecutorial immunity applies, "[c]riminal defenses and/or remedies may be available if a prosecutor or other official's actions are so egregious that they violate a claimant's fundamental rights").

¶12 Overstreet included Fetterhoff as a defendant on all claims. To the extent that Fetterhoff is named on claims relating to the decision to pursue and file criminal charges, he is an improper defendant. The decision to file or pursue charges is exclusively the prosecutor's role, not a highway patrol officer's. *See State v. Passmore*, 2010 MT 34, ¶ 46, 355 Mont. 187, 225 P.3d 1229 ("Charging decisions are generally within the prosecutor's exclusive domain . . . ."). Overstreet cannot sue Fetterhoff for the prosecutor's decisions to charge him.

¶13 Overstreet's additional allegations against Fetterhoff revolve around his role in the investigation. Prosecutorial immunity "extends to persons involved in prosecutorial or quasi-prosecutorial functions." *Kelman v. Losleben,* 271 Mont. 156, 159, 894 P.2d 955, 958 (1995) (citation omitted). Overstreet claims that Fetterhoff failed to diligently or sufficiently investigate the matter and alleges other errors Fetterhoff made during the investigation. Overstreet maintains that Fetterhoff is not shielded by prosecutorial immunity for these claims. *See Buckley*, 509 U.S. at 273-74, 113 S. Ct. at 2616 (actions taken during the "investigative" phase of a case before there is probable cause to arrest are

9

not within the scope of prosecutorial immunity); *Kelman,* 271 Mont. at 160, 894 P.2d at 958 (holding that a DOJ investigator was not entitled to prosecutorial immunity for administrative actions taken while investigating and reporting on an application for a gambling operator's license). Even if immunity did not extend to Fetterhoff's investigative actions, however, the District Court held that the claims were barred by the statute of limitations.

¶14 A three-year statute of limitations applies to negligence claims under § 27-2-204(1), MCA. The statute of limitations begins to run when the claim accrues, which means all elements of the claim exist or have occurred. Section 27-2-102(1)(a), (2), MCA. Overstreet argues that under § 27-2-102(3), MCA, the limitation period does not begin if the facts are concealed or if the defendant took action to prevent the injured party from discovering the injury or its cause.

¶15 Overstreet's complaint demonstrates that he knew of Fetterhoff's alleged acts relating to the investigation on or before March 15, 2018 (the end of the second, three-day trial). Three years from March 15, 2018, is March 15, 2021, and Overstreet did not file his first complaint until March 29, 2021. The District Court correctly reasoned that Overstreet's claims against Fetterhoff as pled in his second amended complaint, to the extent they deal with Fetterhoff's handling of the investigation, are barred by the statute of limitations.

¶16 Overstreet persists, however, that the statute of limitations did not begin to run until March 11, 2020, when he learned of the alleged destruction of the hair. But Overstreet

10

undisputedly learned about the hair during the March 2018 trial. The only alleged action potentially not barred by the statute of limitations is based on the single statement in his complaint that Fetterhoff breached a duty to not "thr[o]w evidence into the garbage." Even if Overstreet did not know until March 11, 2020, that the hair had been destroyed, he does not meet his burden to show why its destruction gives rise to a cognizable legal theory to survive a 12(b)(6) motion. "A cognizable claim for relief generally consists of a recognized legal right or duty; infringement or breach of that right or duty; resulting injury or harm; and, upon proof of requisite facts, an available remedy at law or in equity." *Larson v. State*, 2019 MT 28, ¶ 19, 394 Mont. 167, 434 P.3d 241. Overstreet focuses his argument on why the statute of limitations would not apply to Becker's and Piccolo's actions. But those claims, as discussed above, are barred by prosecutorial immunity. He cites no legal authority to show why the single alleged act in the complaint that potentially is not barred by the statute of limitations would give rise to a legally cognizable negligence claim against the investigating officer for damages. The District Court correctly held that any claims against Fetterhoff not shielded by prosecutorial immunity were barred by the statute of limitations or fail to state a cognizable legal claim.

¶17 The District Court dismissed the negligent and intentional spoliation claims, explaining that it already had held in a prior order that Overstreet could not establish these claims as a matter of law. Overstreet does not argue on appeal why these claims should not have been dismissed, and we find no error in the District Court's reasoning. If a party fails to raise the issue or argue it in their appeal brief, "the issue is deemed waived[,] and

we need not address it." *Schaubel v. Iverson*, 257 Mont. 164, 166, 848 P.2d 489, 490 (1993). Last, the District Court also correctly reasoned that Overstreet's claim of "actual malice" was based on a statutory remedy for punitive damages and failed to provide an independent cause of action or basis for liability.

¶18 In conclusion, the State of Montana is the only proper defendant. Prosecutorial immunity shields the State from liability for actions by Becker and Piccolo. Any claims against Fetterhoff not protected by immunity are barred by the statute of limitations or fail to state a cognizable legal theory. We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. We affirm the District Court's order dismissing the case against all Defendants.

/S/ BETH BAKER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE